JOHN N. GILMORE, plaintiff in error, *vs.* JOSEPH BANGS, for use, etc., defendant in error.

1. When it appears that a transfer of the account sued upon was in writing, parol evidence of the same is inadmissible. The *mere fact* of transfer is irrelevant, and to give any legal effect to the instrument, it should be produced as the best evidence: *18 Georgia Reports. 580.*

2. When an account is in suit in the name of the original creditor for the use of another person, it is no concern of the debtor whether it has been assigned to the usee or not, unless the determination of that question is necessary to some other ground of defense. It is no defense that the assignment was made to defraud creditors.

3. A plaintiff who admits that he has filed a petition in bankruptcy, may recover in a pending suit on a cause of action previously existing, there being no plea of the bankruptcy and no proof of adjudication. Even with such plea and proof, he can proceed for the benefit of whom it may concern: *42 Georgia Reports, 37; 44 Ibid., 18; 49 Ibid., 415.*

4. For the sake of maintaining a great general rule of law, and to avoid trenching on the province of the jury and the discretion of the judge, this court, however hard the particular case, will leave a doubtful verdict to stand where the controversy is one of fact merely, and a new trial has been denied below.

Evidence. Account. Assignment. Bankrupt. New trial. Before Judge HERSCHEL V. JOHNSON. Washington Superior Court. March Term, 1874.

Reported in the opinion.

GILMORE & JORDAN, by H. D. D. TWIGGS, for plaintiff in error.

LANGMADE & EVANS, by brief, for defendant.

BLECKLEY, Judge.

Gilmore employed Bangs to conduct a mercantile business for one year, at an agreed salary of $700 00. Bangs entered on the performance of his undertaking and served about a month, and Gilmore discharged him. After the expiration of the year, Bangs brought this suit for his salary, and recovered the whole amount, less what he had received on account. A new trial was moved for and refused. Before the trial, the declaration was amended by introducing the names of two persons, husband and wife, the son-in-law and the daughter of plaintiff, as usees; and the action proceeded in the plaintiff's name, for their use. In the course of his testimony to the jury, the plaintiff stated that, before filing his petition in bankruptcy, he had transferred this claim to his daughter, one of the usees, to secure her in a loan made to him of $75 00, and to defeat the collection of a certain judgment against him controlled by Gilmore. On cross-examination, he admitted that the transfer was in writing and the writing not being produced nor accounted for, the defendant moved to exclude his evidence concerning it. The court overruled the motion, holding that the *fact* of transfer was competent, but excluded any evidence of the contents of the transfer.

1. The evidence was altogether harmless, but still, we think the *fact* of transfer ought to have been repelled for irrelevancy. As a mere fact it could have no application to the case. To give it effect as a transfer it would have to be looked into; its legal significance would have to be examined, and that would involve contents, terms, in short, the whole

Gilmore *vs.* Bangs.

instrument: 18 *Georgia Reports*, 580; 14 *Ibid.*, 131; 6 *Ibid.*, 260.

2. But we are also satisfied that the whole subject of transfer to the usees, one or both, was utterly immaterial. The account was sued upon as if it were not assigned. No assignment was declared upon, and therefore, whether it had been transferred to the usees by writing or in parol, or not at all, was not material to any right of the defendant. He was not prejudiced as to any substantial defense which he had to the action. He pleaded a set-off which accrued to him against the plaintiff before the transfer; to that he was entitled, and it was allowed to him. He also pleaded the general issue and a breach of contract by the plaintiff, and to these pleas he adduced evidence, and they were passed upon by the jury. These were all the defenses he filed. All parties interested were before the court, and had there been a verdict for the defendant, the usees, as well as the original plaintiff, would have been bound by it. By the Code, section 2244, all *choses* in action arising upon contract are assignable, but with full protection to the debtor as to all equities up to the time of notice. If both assignor and assignee are before the court as parties, the debtor is secure of all of his rights of defense, and further than they are involved, he is not concerned with the question of title: Code, section 2789; 52 *Georgia Reports*, 129. Complaint is made that this transfer was, in part at least, to defraud creditors. But that is for the creditors to urge. It cannot avail the debtor as a defense, since it deprives him of no right.

3. The bankruptcy of the plaintiff was neither pleaded nor proven. He testified that he had filed a petition, but the evidence went no further. Nothing was said of an adjudication or the appointment of an assignee. But under the rulings of this court heretofore, bankruptcy of the plaintiff is no obstacle to his proceeding with a pending action: 42*d Georgia Reports*, 37; 44*th Ibid.*, 18; 49*th Ibid.*, 415. He can go on till some one appears with a better right. The recovery will inure to whoever is entitled to it. If these usees are the real and rightful owners, they will take it; and so of the assignee

in bankruptcy. Even creditors can come in and claim the proceeds, by adopting proper measures for that purpose, if they are met by no superior claimant.

4. On the merits of the defense as to the facts we do not pronounce, further than to say that whether there was cause for discharging the plaintiff or not from the service of the defendant, appears to us doubtful. That doubt we cannot make the basis of reversing the judgment, even though the case be a hard one upon the defendant. He took the responsibility of discharging the plaintiff, and tried to justify his deed before a jury of his neighbors. He failed, and the judge who presided in the case refused to concede an opportunity for repeating the effort. We must preserve the great general rule which subjects facts to the decision of the jury, and which, at the same time, allows a broad discretion to the judge in granting or refusing new trials in cases of doubt.

Judgment affirmed.