[No. 12196.   Department Two. — October 30, 1889.]

ORIENT INSURANCE COMPANY, RESPONDENT, *v.* JOHN REED ET AL., APPELLANTS.

INTERPLEADER — CONFLICTING CLAIMS — AMENDMENT OF COMPLAINT. — While, as a general rule, an interpleader suit cannot be employed to determine disputed claims between the plaintiff and either of the defendants, and the plaintiff must be a mere uninterested stake-holder of an admitted amount, yet if one of the defendants claims an increased sum, and the complaint is amended so as to admit such increased sum to be due, a judgment may be properly entered directing the plaintiff to pay said amount, with interest, into court, and that defendants interplead as prayed for, and that plaintiff be discharged from all liability.

ID. — DENIAL OF CLAIMS IN PREVIOUS SUIT. — Where there is no denial of the claim of either defendant in the complaint in a suit for interpleader, the fact that in a previous action pending, brought by one of the defendants against the plaintiff upon the same claim, his claim was denied in the answer of the plaintiff, does not fall within the rule that a bill for interpleader cannot be maintained which denies the claim of a defendant.

ID. — COSTS OF PREVIOUS SUIT. — It is not necessary that the plaintiff in a bill for interpleader should offer to pay the costs of a previous suit brought by one of the defendants against the plaintiff, such costs, if any, being taxable in that action.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*George Lezinsky,* for Appellants.

*Van Ness & Roche,* for Respondent.

McFARLAND, J. — The complaint avers that plaintiff insured Buffum & Co. against loss of or damage to certain property by fire; that the property was damaged by fire to the extent of two thousand five hundred dollars, for which plaintiff is liable; that defendant Reed claims said money by virtue of an attachment served on plaintiff, and that defendant Lewis also claims said money by virtue of an assignment from said Buffum & Co., and that plaintiff has no claim on said money, and desires to pay it to the party defendant who is legally entitled to it, etc. The prayer is, that defendants be required to interplead together concerning their claims to said money; that plaintiff be authorized to pay the same into court, and that thereupon it be discharged from liability therefor to either defendant. The defendants — after demurrers overruled — both answered, each setting up his respective claim, as stated in the complaint. Lewis averred that the amount due was not $2,500, but $2,587.88. Plaintiff then amended its complaint, acknowledging the latter amount as the correct sum due. The court found the facts substantially as stated in the complaint, and entered judgment decreeing that plaintiff forthwith pay said money, with interest, into court (which was done); that defendants interplead as prayed for; and that plaintiff be discharged from all liability, etc. From this judgment the defendant Lewis appeals.

The points made by appellant for a reversal are two: 1. That there was a material dispute between plaintiff and defendants as to the amount due; and 2. That

plaintiff denied the claim of defendant Lewis, and that either of those facts is sufficient to defeat the remedy of interpleader.

1. It is, no doubt, the general rule that an interpleader suit cannot be employed to determine disputed claims between the plaintiff and the defendants. The amount claimed by the defendants, or either of them, must be admitted, and the plaintiff must be a mere uninterested stake-holder. But in the case at bar, while the answer of Lewis claimed a few dollars more than the amount stated in the original complaint, it was amended so as to acknowledge the amount claimed, thus obviating this objection of appellant.

2. It appears from the answer and findings that appellant Lewis had previously commenced an action against respondent to recover on the policy of insurance, and that respondent had filed an answer in that action, in which it averred that it had no knowledge as to the alleged assignment from Buffum & Co. to appellant, and that therefore it denied such assignment; and upon this circumstance appellant invokes the rule that a bill for interpleader cannot be maintained which denies the claim of a defendant. But in the case at bar there is no denial in the complaint itself of appellant's claim; and the fact that it had made such denial on a previous occasion does not bring it within the rule.

Appellant also contends that respondent should have offered to pay the costs incurred in the said action brought against it by appellant. But, in the first place, there is no averment in the answer of any payment of such costs, or that any costs were incurred; and, in the second place, if there were any such costs, they are taxable in that action.

The judgment is affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.