REVIERE *v.* CHAMBLISS, administrator, *et al.*

An unaccepted check, drawn in the ordinary form, not describing any particular fund or using words of transfer of the whole or any part of any amount standing to the credit of the drawer, does not amount to an assignment at law or in equity of the money to the credit of the drawer.

Argued June 18, — Decided July 14, 1904.

Exceptions to auditor's report.     Before Judge Littlejohn. Sumter superior court.     June 10, 1903.

Cited by counsel, in addition to cases cited in the opinion: Civil Code, § 3676; *Ga. R.* 39/361; 78/610, 614; 91/307; 96/815; 2 Am. & Eng. Enc. L. (2d ed.) 1030, 1062, 1065–6, 1072; 55 Mich. 201 (54 Am. R. 363–5); 71 N. Y. 325 (27 Am. R. 55); 81 N. Y. 454 (37 Am. R. 515); 6 N. Y. 412 (57 Am. D. 464); 3 N. Y. 323; 20 Mo. 577 (64 Am. D. 209–12); 14 Wall. 69–84; 124 U. S. 385; 5 Wheat. 277; 10 Wall. 152–8; 124 U. S. 385–91; 17 Blatch. 318 (Fed. Cas. 12063); 99 Fed. 900–905; 1 Pom. Eq. Jur. § 169.

*Allen Fort & Son*, for plaintiff in error.
*Erwin & Callaway*, contra.

EVANS, J.     W. H. Simmons operated a private bank, using the business name of the Peoples Bank.     He did business with a New York bank, and gave to the plaintiff in error a check on his New York correspondent.     The drawer had on deposit when he gave this check funds sufficient to meet this and all other outstanding

checks on the same bank.    Before the check was presented to the drawee for payment, Simmons made an assignment, and subsequently, on application of certain of his creditors, all of his assets were placed in the hands of a receiver.    The various issues of fact and law involved in the petition for receiver, etc., were referred to an auditor.    In his report the auditor found that the check drawn by Simmons in favor of plaintiff in error on the New York bank was given partly in payment of wages due by Simmons and partly in payment of a deposit of funds belonging to a military company but deposited in the name of the plaintiff in error; that the plaintiff in error demanded the cash, but accepted a check on the New York bank for the convenience of Simmons.    The check was issued the day before the bank failed; and when it was presented to the drawee, payment was refused. Upon this finding of fact the auditor found as a matter of law that the drawing of the bill of exchange or check was neither a legal nor an equitable assignment of the funds on deposit in the New York bank, as the drawee had never accepted the check. To this finding of the auditor the plaintiff in error filed his exceptions of law, contending that under the facts reported by the auditor the issuance of the check on the New York bank by Simmons before his suspension was an assignment pro tanto of the fund which he had on deposit with the New York bank.    The exceptions of law were overruled by the judge, and the report of the auditor sustained, and a decree was entered accordingly.    Plaintiff in error excepts to the order overruling his exceptions and sustaining the auditor's report.

An unaccepted check drawn in the ordinary form, not describing any particular fund or using words indicating a transfer of the whole or of any part of an amount standing to the credit of the drawer, does not amount to an assignment of the money to the credit of the drawer. *Georgia Seed Co.* v. *Talmadge,* 96 *Ga.* 255; *Baer* v. *English,* 84 *Ga.* 403.    Notwithstanding the drawer has given a check of this character, the payee could have no right of action against the drawee until acceptance.    There is no privity of contract between the payee and the person on whom the check is drawn.    If a check drawn generally on the funds of the drawer would operate to assign so much of the fund as might be necessary to pay the check, then the priority of the checks would de-

pend on their date.    The drawee could only pay at his peril, assuming the risk when a check was presented that the drawer had not previously drawn on him.    The creditor has no right to split a single cause of action into many actions, without the assent of his debtor, since it may subject him to many embarrassments and responsibilities not contemplated in his original contract.    When one undertakes to pay an integral sum to his creditor, it is no part of his contract that he shall be obliged to pay in fractions to any other persons.    This is the main reason for the rule which obtains generally, that an order drawn either on a general or a particular fund, for a part only, does not amount to an assignment of that part, as against the drawee, unless he consents to the appropriation by an express or implied acceptance of the draft. Mandeville *v.* Welch, 14 Wheat. 288 ; 1 Am. & Eng. Enc. L. (1st ed.) 836, and cit.

It is contended that while the transaction set out in the record may not amount to a legal assignment pro tanto of the fund in the hands of the drawee, still these special facts would have the effect of an equitable assignment of so much of the fund as may be necessary to pay the check.    In support of this contention the cases of *Jones* v. *Glover*, 93 *Ga.* 484, *Fidelity Co.* v. *Exchange Bank*, 100 *Ga.* 622, and *Walton* v. *Horkan*, 112 *Ga.* 814, are cited.    The court in *Jones* v. *Glover* said : " In order to infer an equitable assignment, such facts or circumstances must appear as would not only raise an equity between the assignor and assignee, but show that the parties contemplated an immediate change of ownership with respect to the particular fund in question ; not a change of ownership when the fund should be collected or realized, but at the time of the transaction relied upon to constitute the assignment."    The same principle was recognized and applied in the other cases.    An agreement to pay out a particular fund, however clear in its terms, is not an equitable assignment.    The crucial test is that the assignor must not retain any control over the fund, — any authority to collect, or any power of revocation. The transfer must be of such a character that the holder of the fund can safely pay, and is compellable to do so, though forbidden by the assignor.    Christmas *v.* Russell, 81 U. S. 84.    The payee was an employee of the drawer, and the draft was given to the payee for his wages and in payment of a deposit account in

his name.　The check was accepted in lieu of the money, for the accommodation of the drawer.　Nothing was said or done to indicate that a sufficiency of any particular fund on deposit with the drawee was to be assigned to the payee.　The transaction as reported by the auditor was the simple payment of a debt with a check; and the giving of the check did not operate either as a legal or an equitable assignment of any part of the fund which the drawer had to his credit with the bank on which the check was drawn.　We approve and affirm the judgment of the court that the transaction under review did not amount to an equitable assignment of any portion of the drawer's deposit with the drawee.　　　*Judgment affirmed.　All the Justices concur.*