[Civ. No. 11727.   Second Appellate District, Division Two.—April 13, 1938.]

M. KENT, Respondent, v. COUNTY FIRE INSURANCE COMPANY OF PHILADELPHIA (a Corporation), Appellant.

Hindman & Davis and Angus C. McBain for Appellant.

A. Brigham Rose for Respondent.

CRAIL, P. J.—This is a petition by the defendant for the stay of execution on the judgment until the final termination of the appeal.

On April 23, 1937, plaintiff filed this action against the defendant in the Superior Court of Los Angeles County, number 414921. The action was upon a policy of fire insurance issued by the defendant, as insurer, to Harry Knight and Cecelia Ayulard to recover for a fire loss occurring October 18, 1936, the plaintiff alleging that he was the

assignee of the choses in action of said named assureds. The defendant appeared and answered and defended to judgment, by the same counsel as appears herein. Judgment was entered on September 22, 1937, in favor of the plaintiff against the defendant for the sum of $2,200 with interest and costs. Motion for new trial was denied on October 27, 1937. Prior to the entry of said judgment there were served on the defendant or its authorized agents the following: (a) Two orders signed by Harry Knight to pay certain sums to certain third persons of and from moneys which became or were to become due to Harry Knight under the policy in suit; (b) certain writs of attachment out of various actions by third persons claiming to be creditors of Harry Knight, against Harry Knight, which were then and are now pending, commanding the attaching officer to attach and safely keep all property of Harry Knight to satisfy certain demands, and giving notice that all moneys and debts due or owing and any personal property in their possession or under their control belonging to said Harry Knight were attached by virtue of said writs; (c) a writ of execution in which the officer was commanded to take out of the property of Harry Knight certain sums of money, and giving notice to the defendant that all moneys due or owing Harry Knight were attached by virtue of said writ. The total amount of moneys so ordered to be paid and attached and levied upon is in excess of $1500.

Upon denial of the motion for new trial there was filed by the defendant herein an action in interpleader in the Superior Court of Los Angeles County, number 421941, in which action plaintiff herein and Harry Knight and all of the payees of orders and attaching and levying creditors heretofore mentioned were made defendants, as was also the county clerk and county sheriff, for the reason that the defendant herein was unable to ascertain the identity or whereabouts of M. Kent. Said action in interpleader was filed by the defendant pursuant to its belief that same was a proper remedy to protect itself against the plaintiff's judgment herein and against the adverse claims of the defendants named in said interpleader action. The defendant herein disclaiming all interest in said moneys, tendered and offered to pay the full amount of the judgment, together with interest and costs, asking that all defendants therein be required to inter-

plead their claims and rights, and on order of court duly made and entered on November 6, 1937, paid on the same date the said amount, to wit, $2,403.28 to the clerk of the court, subject to the order of the court in said interpleader action. The defendant herein, as plaintiff in said interpleader action, caused all of the defendants therein to be served with summons and complaint, except M. Kent, who was not served for the reason that neither his identity nor residence could be learned, and the defendant Harry Knight for the reason that process servers up to the present time have been unable to find him. On November 6, 1937, the superior court in said interpleader action issued an order to show cause and temporary restraining order wherein the clerk and the sheriff and M. Kent were restrained from issuing or serving any writs of execution on said judgment, and on November 22, 1937, issued a restraining order and preliminary injunction pending further order in said interpleader action, enjoining the sheriff and clerk from levying upon said judgment.

On November 23, 1937, M. Kent through instrument signed by attorney A. Brigham Rose appeared specially for the purpose of attacking the jurisdiction of the court in said interpleader action, and the court issued an order to show cause directed to the defendant herein requiring it to show cause why an order should not be made quashing and setting aside the order restraining the issuance of execution on said judgment. Upon the hearing of said order to show cause the court made an order on December 6, 1937, vacating the restraining order and injunction aforesaid. The effect of said order was to leave open to execution said judgment. Certain of the defendants have appeared in the interpleader action and made claim to the money deposited by the defendant as aforesaid. Certain of those appearing have set up judgments held by them against Harry Knight.

Immediately upon the entry of said order vacating said restraining order the defendant's counsel herein made diligent effort to protect defendant from being forced to pay much of the judgment twice. The defendant served and filed in said action on December 11, 1937, its notice of application for relief under section 473 of the Code of Civil Procedure, together with points and authorities, affidavit in support of said application for relief, affidavit of merits,

accompanied by a copy of the pleading proposed to be filed therein with affidavit in support thereof, which said pleading was for a stay of further proceedings. In said application defendant set forth in detail the matters and things alleged and referred to in the petition and asked that the entry of judgment be set aside and petitioner be allowed to file the pleading and affidavit proposed and accompanying the said application. This application was duly presented to the court on December 13, 1937, and on January 7, 1938, the application was denied. The defendant on January 12, 1938, served and filed its notice of appeal from said order denying said application for relief, and all steps have been taken to perfect said appeal.

The petitioner, the defendant, and his counsel have never been able to ascertain the identity or whereabouts of M. Kent although they made and caused to be made due and diligent search therefor. Said Kent has never at any time appeared in person in the action or in the interpleader action, but has appeared only by attorney, and all negotiations with reference to said action have been conducted by Harry Knight and said attorney. At the trial of this cause Harry Knight appeared and sat at counsel table and consulted with said attorney and comported himself and gave all indication that he was the real party in interest in this cause. Cecelia Ayulard had no claim under the policy involved in this cause and at no time made any claim for any of the proceeds of said policy and executed an assignment to M. Kent for the purpose of quitclaiming and divorcing herself from any connection therewith. Petitioner alleges, and it is not satisfactorily denied, that M. Kent is either a nonexistent person, or an *alias* of Harry Knight, or is a nominal assignee of Harry Knight, and that Harry Knight is insolvent.

No specific provision is made in the law for a stay of execution of the judgment upon the appeal from the order made under section 473. The defendant must rely upon the inherent power of the court. He has been diligent and little harm will come to the plaintiff by the stay of execution, and the facts impel us to such an order.

Let an order issue restraining the execution on the said judgment until the final termination of the appeal from the order under section 473 of the Code of Civil Procedure, upon the defendant giving a bond running in favor of the plaintiff

in the sum of $3,000, to be approved by a commissioner of the superior court.

Wood, J., and McComb, J., concurred.