[Civ. No. 11727.   Second Appellate District, Division Two.—June 28, 1938.]

M. KENT, Respondent, v. COUNTY FIRE INSURANCE COMPANY OF PHILADELPHIA (a Corporation), Appellant.

Hindman & Davis and Angus C. McBain for Appellant.

A. Brigham Rose for Respondent.

CRAIL, P. J.—This is an appeal from an order of the superior court denying defendant relief under section 473 of the Code of Civil Procedure, to wit, that the judgment be set aside and that the proceedings on the judgment be held in abeyance until certain proceedings on garnishment and

execution which were levied against the defendant by the creditors of the plaintiff's assignor be disposed of.

The facts are fully set forth in the case of *Kent* v. *County Fire Ins. Co.*, 25 Cal. App. (2d) 676 [78 Pac. (2d) 436], to which reference is made for particulars.

The purpose of section 473 of the Code of Civil Procedure is remedial. It should be liberally construed so as to dispose of cases upon their substantive merits and give the party claiming in good faith to have a meritorious right, an opportunity to present it. Because of this the reviewing courts will scan more closely orders denying relief and are more prone to reverse orders of denial. They look with disfavor upon a party, who, regardless of the merits of his case, attempts to take advantage of mistake, surprise and inadvertence of his adversary. (*Brill* v. *Fox*, 211 Cal. 739, 743 [297 Pac. 25].)

Defendant's counsel believed that the proper remedy to protect defendant from the creditors of Harry Knight, plaintiff's assignor, was through a bill of interpleader, and went ahead and deposited the full amount of the judgment with the court in an interpleader action, bringing in the execution creditors and garnishee creditors.

The basis of defendant's application for relief under section 473 of the Code of Civil Procedure, is that a reasonable and justifiable mistake of law was made when appellant's counsel believed that such was the proper remedy. He contends that there should be considered in this connection as justification therefor, the complete lack of other remedies under our California statutes and decisions, and particularly the isolation and inadequate digests of the authorities which hold a motion for stay of proceedings to be a proper procedure to guard against levies by a creditor of plaintiff. (*McFadden* v. *O'Donnell*, 18 Cal. 160, *McKeon* v. *McDermott*, 22 Cal. 667 [83 Am. Dec. 86], *Glugermovich* v. *Zicovich*, 113 Cal. 64 [45 Pac. 174], and *Lynch* v. *Hartford Fire Ins. Co.*, 17 Fed. 627, 629.) Further justifying the reasonableness of defendant's belief in the remedy of interpleader, he points out that there is no authority in California involving a factual situation similar to this matter wherein the right of interpleader was denied, and that on the other hand there is substantial authority in other jurisdictions approving the use of interpleader under the same and simi-

lar circumstances (*Van Slyck* v. *Dallas Bank & Trust Co.*, (Tex. Civ. App.) 45 S. W. (2d) 641, *Johnson* v. *Harbison etc. Min. Co.*, 181 Ga. 630 [183 S. E. 791], *First Nat. Ins. Co.* v. *Lerner*, 242 App. Div. 850 [275 N. Y. Supp. 224], *Steffey, Inc.*, v. *American Bank Stationery Co.*, 161 Md. 124 [155 Atl. 306], and *Atwell* v. *Western Fire Ins. Co.*, 120 Fla. 694 [163 So. 27]), and that the few California cases approaching the point are also favorable thereto. (*Fox* v. *Sutton*, 127 Cal. 515 [59 Pac. 939]; *Orient Ins. Co.* v. *Reed*, 81 Cal. 145 [22 Pac. 484].)

█ It is defendant's position that the trial court's order denying relief flies in the face of these rules regarding section 473 of the Code of Civil Procedure and the true spirit of their application, and that instead of following the purpose of the statute the trial court committed an abuse of discretion which permitted the plaintiff to take advantage of defendant's reasonable and justifiable mistake and obtain an advantage which offends every legal and moral principle.

We are of the view that the trial court did not abuse its discretion in refusing to set aside the judgment. The remedy sought by the defendant was a desperate remedy. It would have been surprising had the court granted it. Petitioner cites us to no precedent for such an order either in this jurisdiction or elsewhere. Furthermore, we are not convinced that the defendant will ever have to pay any money to the execution creditors and to the garnishee creditors. The money which the defendant put up was placed up in the interpleader suit and the defendant should attempt to get its money back in that proceeding.

Order affirmed.

Wood, J., and McComb, J., concurred.