18992. WHATLEY *et al.* v. THE ALTO CORPORATION *et al.*
18998. ROSSLYN STEEL & CEMENT CO. *v.*
WHATLEY *et al.*

ARGUED JUNE 13, 1955—DECIDED JULY 12, 1955.

Poole, Pearce & Hall, Clower & Anderson, for John W. Whatley Company.

Powell, Goldstein, Frazer & Murphy, Haas, White, Douglas & Arnold, Joseph J. Fine, Lipschutz, Macey & Franklin, Wright, Rogers, Magruder & Hoyt, Gordon Lee Sullivan, Parker, Clary, Kent & Grubbs, Willingham, Gortatowsky & Morrison, contra.

HEAD, Justice. Counsel for the petitioner contend in their brief filed in this court that: (1) the assignment was valid and legal in form and substance; (2) it was supported by a lawful consideration; (3) it was timely made; and (4) the parties attacking the assignment are general open-account creditors of the assignor, and the provisions of the contract under which the attack was made do not confer any rights upon them. Counsel for the other claimants admit the first three contentions above stated, but assert that the assignment conferred no greater right upon the assignee than the assignor had, and contend that on the date of the assignment the assignor had not fully complied with the contract with the owner, in that "evidence satisfactory to the architect that all pay rolls, material bills, and other indebtedness connected with the work have been paid" had not been furnished. The admissions that the assignment was valid and legal in form and substance, was supported by a lawful consideration, and was timely made, reduce the issues between the parties to but one question.

From the allegations of the owner in its interpleader, it appears that the assignor had not paid all obligations for material and

labor. It would follow as a matter of course that the assignor could not truthfully make the affidavit provided for in Article V of the contract, that all bills for materials and labor had been paid. There is no contention by the owner that the contract otherwise was not completed pursuant to all of its terms and provisions.

The affidavit required by Article V of the contract is not that provided for in Code § 67-2001 (2), relating to materialmen's liens, which provides that the lien authorized shall attach to the real estate of the true owner for the amount of work done or material furnished, unless the owner "shall produce the sworn statement of the contractor or other person, at whose instance the work was done or material was furnished, that the agreed price or reasonable value thereof has been paid."

In construing this provision of the Code, this court in *Green* v. *Farrar Lumber Co.*, 119 *Ga.* 30, 31 (46 S. E. 62), stated the rule to be: "The owner is not in any event required to pay more than the contract price of the improvement to materialmen and laborers, but it is incumbent upon him to see that payments to the contractor are, to the full amount of the contract price, appropriated to materialmen and laborers, if there are valid claims to this extent." See also *Prince* v. *Neal-Millard Co.*, 124 *Ga.* 884 (2) (53 S. E. 761, 4 Ann. Cas. 615) ; *Tuck* v. *Moss Mfg. Co.*, 127 *Ga.* 729, 731 (56 S. E. 1001) ; *Jones Brick Co.* v. *Seagler Brothers*, 146 *Ga.* 19 (90 S. E. 473).

The owner could not escape liability to laborers and materialmen on a representation by the contractor that all bills had been paid. The affidavit contemplated by the statute requires the statement by the contractor that the agreed price has been paid; and it must appear that the owner has fulfilled the duty placed upon him by law by requiring the full contract price to be appropriated to materialmen and laborers to the extent of their claims. If the assignor had furnished the owner the affidavit provided by the contract, under the facts of this case, penalties under the criminal law might have been incurred by the assignor. The owner, however, would not be in position to defend against the claim of a materialman or laborer simply because the owner had required an affidavit which, under the terms of the statute, would not relieve the owner from liability.

The owner paid the money due the assignor into court. The claim of a lien of one of the materialmen against the owner was declared by the trial judge to be invalid, as not having been filed within the time provided by law, and there was no exception to this ruling. This case, therefore, falls within the rule stated in *Green* v. *Farrar Lumber Co.*, supra, wherein this court said: "When no claims of lien have been filed, *the materialmen and laborers may be paid in such order as the contractor determines.* If a claim of lien has been filed and recorded, then the owner must see that such materialman or laborer is satisfied out of the money paid by him to the contractor, or he will be held liable for the amount in the event, upon suit brought, it should be determined that the claim was valid." (Italics ours.)

At the time of the assignment, and at the time the owner paid the balance due the assignor into court, there was no valid claim of lien and the time had passed for declaring and recording liens upon the property of the owner. The assignor, therefore, had the right to prefer one creditor to another, and especially is this true since such preference could in no wise injure or endanger any rights of the owner. *Gilmore* v. *Bangs,* 55 *Ga.* 403. The open-account creditors of the assignor could urge no matter of defense as against the assignment that was not available to the owner. Code § 85-1803.

■ The trial judge did not err in dismissing the claim of Ross-lyn Steel & Cement Company, the plaintiff in error in the cross-bill of exceptions. It appears from its response that its claim was filed pursuant to notice of the proceedings. The claim was not verified, and there was no evidence before the court as to the correctness of its claim.

As stated by Justice Bleckley in *Andrews* v. *Halliday,* 63 *Ga.* 263, 271, "the complainant in a bill of interpleader merely stirs up a war and then leaves the real belligerents to fight it out, he retiring from the scene to repose in dignified ease." In the present case the plaintiff in error having filed its claim, it was in a "position similar to that of plaintiffs in other possessory actions, where the recovery must be on the strength of their own title rather than on the weakness of their adversary's title." *Conway* v. *Caswell,* 121 *Ga.* 254, 259, 260 (48 S. E. 956, 2 Ann. Cas. 269). See also *Johnson* v. *Harbison-Walker Mining Co.,* 181 *Ga.* 630,

724

638 (183 S. E. 791); *Smith* v. *Folsom,* 190 *Ga.* 460 (9 S. E. 2d 824).

In *Estill* v. *Estill,* 147 *Ga.* 358, 362 (94 S. E. 304), it was said that, when the court requires defendants to interplead and litigate their respective rights to a fund in dispute, each defendant then occupies the position of a plaintiff as against the others, and should state his claim plainly, clearly, and distinctly, and as far as he can, take issue with the claims of others.

There being no appearance by the plaintiff in error in the trial court, and no evidence offered by it in support of its intervention, its claim was properly dismissed for want of prosecution.

*Judgment reversed on the main bill and affirmed on the cross-bill of exceptions. All the Justices concur.*