21093.   BRYANT *et al.* v. HAYGOOD *et al.*

CANDLER, Justice. Walter C. Haygood and Mrs. Margaret S. Haygood filed a petition for interpleader and for certain injunctive relief against D. C. Cordle, a contractor, and several other named persons who supplied him building material and who performed labor for him in repairing a building which the petitioners owned. In substance, their amended petition alleges: that the defendant Cordle, as a contractor, agreed

for $2,400 to make certain specified repairs to a building they owned in the Town of Trion, Georgia, and to furnish and pay for all material and labor needed to make such repairs; that they had no right to direct where, when, or from whom the defendant Cordle would purchase the material necessary for such repairs, and no right to select the laborers whom he would employ for such purpose; that several materialmen and laborers have filed and had recorded liens against their repaired property, amounting in the aggregate to $3,582.24, and some of them have instituted proceedings to foreclose their liens; that they have no knowledge of the correctness of any one of the several recorded liens; that they are due the defendant Cordle only $2,400, the full amount which they agreed to pay him for repairing their building; that they desire to pay the amount they are due the defendant Cordle into the registry of the court for the benefit of those entitled to receive it; that they are not in collusion with any one of the defendants; that they would be acting at their peril and would be jeopardizing their property if they paid any one of the defendants the amount claimed by him to the exclusion of the other lienholders; and that the sum they are due the defendant Cordle for such repairs is less than the aggregate amount of the liens which the other defendants, as materialmen and laborers, have filed and had recorded against their property. J. T. Bryant, A. M. Bryant, and E. R. Bryant, three of the eight defendants, demurred to the original petition on the ground that it failed to state a cause of action for any of the relief sought, but they did not renew their demurrer to the petition after it was amended in material respects. The same three defendants also responded to the amended petition and denied that the petitioners were entitled to the equitable relief of interpleader or any of the other relief sought by them. The five remaining defendants filed no defensive pleadings. After hearing the evidence which the petitioners and the three defendants who had responded to the amended petition offered, the trial judge granted an order requiring those defendants who were asserting liens against the petitioners' property to interplead and thereby set up and establish in this proceeding their liens against the petitioners' property. He enjoined the defendants (J. T. Bryant, A. M. Bryant, and E. R. Bryant) from prosecuting their proceeding to foreclose their lien for

material which they had previously instituted in the Superior Court of Chattooga County, and he also authorized the petitioners to pay the $2,400, which they were due the defendant Cordle, to the Clerk of the Superior Court of Chattooga County, and upon such payment directed that they be dismissed from this action. Those defendants who had responded to the amended petition excepted to his order and sued out a writ of error to this court, in which they assigned error on the admission of certain testimony offered by the petitioners, and on the order granting the relief sought by the amended petition. *Held:*

1. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects; but in such case the demurrer should be renewed if it is still relied on." *Livingston v. Barnett,* 193 Ga. 640 (1) (19 S. E. 2d 385). See also *Cain v. Phillips,* 211 Ga. 806 (89 S. E. 2d 163); and *Jenkins v. Jenkins,* 212 Ga. 211 (91 S. E. 2d 491). Since the original petition in the instant case was amended in material respects after it was demurred to, and the demurrer was not renewed to the petition as thus amended, there is no merit in the contention that the court erred in overruling the demurrer which was interposed to the original petition.

2. Over an objection that it was hearsay and therefore inadmissible, Walter C. Haygood, as a witness in his own behalf and in behalf of the other plaintiff, his wife, was permitted to testify that he orally contracted with the defendant D. C. Cordle to make specified repairs to a building which he and his wife owned in the town of Trion, Georgia, and that he agreed to pay Cordle $2,400 "for the job." This was clearly not hearsay evidence. Hence, there is no merit in the contention that the court erred in overruling the defendants' objection to its allowance.

3. "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." *Code Ann.* § 37-1503. In the instant case, the evidence which the parties introduced on the hearing demanded a finding that the allegations of the amended petition were true; and applying that finding of

564

fact to the provisions of the above Code section, we hold that the trial judge properly granted the relief sought by the amended petition.

4. Under the rulings made in the three preceding divisions, it cannot be held that the judgment granting the prayers of the amended petition is, for any reason assigned, erroneous.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1961—DECIDED FEBRUARY 9, 1961.

*Robert Edward Surles*, for plaintiffs in error.
*F. H. Boney*, contra.