## 21432. BENNETT *et al.* v. BRYANT *et al.*

DUCKWORTH, Chief Justice. In response to a bill of interpleader, several of the defendants therein responded to the petition and rule nisi that their claim of $2,150 or "the pro-rata share" of the $2,400 sought to be paid into court by the plaintiffs be paid to them in the event the petition for interpleader was not dismissed upon a reversal of an order overruling certain demurrers filed by other defendants seeking a review of that judgment (see *Bryant v. Haygood,* 216 Ga. 561, 118 SE2d 469, wherein the judgment excepted to was affirmed by this court). These defendants had filed no defensive pleadings and were technically in default as to a contest of the bill of interpleader. However, the lower court ordered that the above response "be filed as interpleader in this case" and the prayer for same in the petition. Thereafter, upon a hearing, the court ordered all defendants to interplead in said case, and "such claims must be filed on or before the 15th day of September 1960." The defendants who sought the review of the order overruling their demurrers filed their claims by that date and then filed a motion for summary judgment, alleging that no other defendants had filed any claim and that their claim was the only valid one before the court. To this motion the other defendants filed their response, setting out that they had not resisted the bill of interpleader, that three of them had filed a claim, which was allowed filed by the court, and the claim of the movants was not a denial of any of the other defendants' claims as set forth in the petition and the movants are not entitled to a summary judgment.

After a hearing on the motion, the court granted the same and ordered the clerk to pay the claim of the movants from the funds in the registry of the court. The exception is to that judgment. *Held:*

The record clearly shows that several of the defendants, who are the plaintiffs in error here, had filed their claims to the funds, which were allowed filed by the court as interpleader before the order requiring all the defendants to file claims on or before a certain date. The order excepted to is clearly error and must be reversed. See *Estill v. Estill,* 147 Ga. 358 (94 SE 304); *Whatley v. Alto Corporation,* 211 Ga. 718, 724 (88 SE2d 398); *Gunby v. Harper,* 216 Ga. 94, 100 (114 SE2d 856).

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1961—DECIDED OCTOBER 24, 1961.

*Cook & Palmour, A. Cecil Palmour,* for plaintiffs in error. *Robert Edward Surles,* contra.