A10A0906. STUBBS v. DUBOIS.

(702 SE2d 32)

DOYLE, Judge.

In a dispute over the settlement of a property damage claim arising from a car collision, Debra Stubbs appeals from the grant of

summary judgment in favor of Tiffany Dubois. Stubbs contends that the trial court erred by relying on unauthenticated or hearsay evidence to conclude that the parties had settled Stubbs's property damage claim. Because the record contains admissible evidence that indisputably shows that Stubbs accepted 'full payment in settlement of her claim, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the undisputed record shows that in October 2007, Dubois negligently caused an automobile collision with Stubbs, causing damage to Stubbs's vehicle, a 1994 Dodge Intrepid, which was deemed a total loss by Dubois's insurance carrier, Southern General Insurance Company. In November 2007, after investigating the claim, Southern General sent a letter to Stubbs, offering "to settle [her] property damage claim [for] $1,372.48." The letter stated that "[s]ettlement checks will only be issued after we have received the total loss documents, title or guarantee of title (from lien holder), and the total loss vehicle with the keys." Stubbs provided Southern General with the requested documents and title to the vehicle, and Southern General issued a check to Stubbs for $1,372.48. Stubbs endorsed and cashed the check.

Southern General also paid Stubbs $294.13 for the use of a rental car, but it refused to pay a $176 charge Stubbs incurred by purchasing additional automobile insurance on the rental car. Based on this refusal to pay the $176, Stubbs sued Dubois seeking $3,495 in property damage, attorney fees, and other penalties. Dubois answered, pleading accord and satisfaction, and later moved for summary judgment, which motion was granted. Stubbs 'now appeals.

Stubbs contends that the trial court erred by considering affidavits and exhibits that were not competent evidence of the settlement. Based on our review of the record, we find this enumeration to be without merit.

As an initial matter, we note that the record contains an amended affidavit of Vicki Chambers, the Southern General insurance adjuster who worked on the claim at issue. Although Stubbs

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

challenges the adequacy of an earlier Chambers affidavit filed with the motion for summary judgment, we find no deficiency in the amended affidavit, which was filed and served more than 30 days prior to the summary judgment hearing[2] and to which no objection appears in the record.[3] The affidavit recounts the events and terms comprising the settlement, including Southern General's letter to Stubbs proposing settlement terms, Stubbs's compliance with the proposed settlement terms, and her endorsement of the settlement check.

Stubbs argues that the affidavit alone is insufficient to prove a settlement because, "[w]hile an agreement may be oral, if the parties disagree on whether an agreement was reached, the agreement must be memorialized in a writing to be enforceable, and the absence of a writing prevents enforcement."[4] Here, however, the affidavit also authenticates attached exhibits including Southern General's letter to Stubbs with the settlement terms, the check it sent to Stubbs and received back with her name endorsed, and the title document received from Stubbs. Each document was authenticated by the Southern General insurance adjuster working on the claim, based on her personal knowledge of the claim.

With respect to whether Southern General's settlement letter was hearsay, the letter is relevant as a verbal act with legal significance — an offer of settlement at certain specified terms — and is therefore by definition not hearsay but original evidence.[5] Nevertheless, we note that the amended Chambers affidavit stated her personal knowledge that the letter was generated by Southern General at the time of the offer in the regular course of business, and that it was maintained according to Southern General's routine. As such, the letter, if treated as hearsay, was admissible under the business records exception to the hearsay rule.

---

[2] See OCGA §§ 9-11-6 (d) (affidavit supporting a motion "shall be served with the motion"); 9-11-56 (c) (summary judgment motion shall be served at least 30 days before the time fixed for the hearing). See also OCGA § 9-11-56 (e) ("The court may permit affidavits to be supplemented . . . by . . . further affidavits.").

[3] See *Southeastern Hose v. Prudential Ins. Co. of America*, 167 Ga. App. 356, 358 (3) (306 SE2d 308) (1983) ("Any error arising from a failure to timely file the affidavit is waived by [the opposing party's] failure to object to the filing of the affidavit in question in the trial court.").

[4] (Citation omitted.) *Moreno v. Strickland*, 255 Ga. App. 850, 852 (1) (567 SE2d 90) (2002).

[5] See, e.g., *Dave Lucas Co., Inc. v. Lewis*, 293 Ga. App. 288, 289 (1) (a) (666 SE2d 576) (2008); *Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 222 (8) (a) (489 SE2d 329) (1997) (letter admissible as original evidence of compliance with contract term requiring that letter be sent). See also *Bryant v. Haygood*, 216 Ga. 561, 563 (2) (118 SE2d 469) (1961); Milich, Georgia Rules of Evidence (2nd ed.), § 17.6, pp. 352-353 ("A statement that has legal consequences independent of its truth or falsity is considered a 'verbal act' and is not hearsay when those legal consequences are relevant or material to the case. The simplest example is an out-of-court statement establishing or defining the terms of a contract.").

> Business records are admissible if the evidence shows the ordinary course of business required the entries to be made (a matter that can be waived) and the records are reflective of an act, occurrence or event, *and not an opinion,* and were properly identified by the person who made them or is conversant with the necessity for their preparation and custody.[6]

In light of the nature of the letter, the trial court did not abuse its discretion in considering Southern General's settlement letter.[7]

The affidavit also authenticated the check and title documents as those received by Southern General consistent with its offer to Stubbs. These fact documents are also original evidence and as such are not hearsay.[8] Further, Stubbs's own deposition admits that she received and cashed the $1,372.48 check and that she remitted title to Southern General.

Based on the record before us, the trial court was entitled to consider the evidence showing, in writing, that Southern General offered to settle Stubbs's property claim for $1,372.48, and that Stubbs accepted the settlement check after complying with the terms of the offer by remitting title to Southern General.

> An offer may be accepted . . . either by a promise to do the thing contemplated therein, or by the actual doing of the thing. The offer must be accepted in the manner specified by it; and if it calls for a promise, then a promise must be made; or if it calls for an act, it can be accepted only by the doing of the act.[9]

Stubbs does not dispute that Southern General actually sent its written settlement offer, that she remitted title to Southern General in accordance with the settlement offer, or that she accepted Southern General's settlement check. She only argues that the record contains inadequate evidence of these facts. In light of our conclusions above, however, the trial court did not err in considering the proffered evidence.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[6] (Punctuation omitted; emphasis in original.) *Dickens v. Calhoun First Nat. Bank*, 214 Ga. App. 490, 491 (1) (448 SE2d 237) (1994).

[7] See *Ishak v. First Flag Bank*, 283 Ga. App. 517, 519 (642 SE2d 143) (2007) ("A trial court's decision to admit evidence as an exception to the hearsay rule will not be disturbed absent an abuse of discretion.") (punctuation omitted).

[8] See *Dalton Paving &c.*, 227 Ga. App. at 222 (8) (a).

[9] (Punctuation omitted.) *Herring v. Dunning*, 213 Ga. App. 695, 699 (446 SE2d 199) (1994).

DECIDED SEPTEMBER 23, 2010.

*Charles W. Brannon, Jr.*, for appellant.
*Callaway, Braun, Riddle & Hughes, Edward M. Hughes, T. Daniel Tucker*, for appellee.