SECURITY STATE BANK OF ROY, RESPONDENT, v. MEL-
CHERT ET AL., APPELLANTS.

(No. 5,246.)

(Submitted May 23, 1923.  Decided June 19, 1923.)

[216 Pac. 340.]

*Interpleader — Complaint — Insufficiency — Cross-complaint
—Pleadings—Striking from Files—Contracts—Assignment—
Wage Brokers.*

Pleadings—Striking from Files—When Proper.
1.  An allegation in the answer which is neither an admission nor a
denial of any averment contained in the complaint, nor authorized by
section 9151, Revised Codes of 1921, providing for the filing of a
cross-complaint, is subject to a motion to strike.

Same—Answer—When Subject to Motion to Strike.
2.  The answer must meet the substance and not merely the form
of the charge in the complaint, otherwise it will be deemed evasive
and subject to motion to strike.

Contracts—Assignment—Wage Brokers—Who are not.
3.  In an action by a bank as assignee of a contractor for a balance
due on a contract assigned as security for a loan, an allegation in
the answer that the assignment had not been acknowledged nor filed
with the county clerk as required by sections 4173-4182, Revised
Codes of 1921, regulating the business of wage brokers, was properly
stricken, it appearing affirmatively that the assignor was neither a
wage-earner nor an employee but a contractor, and therefore the
assignee was not a wage broker.

Interpleader—Cross-complaint—Insufficiency.
4.  A cross-complaint filed by defendant as part of his answer *held*
not susceptible of interpretation as a complaint in interpleader, in
the absence of compliance with section 9087, Revised Codes, requiring
that defendant before answering file the affidavit provided for or
apply for an order substituting attaching creditors in his place; *held,*
further, that the pleading was insufficient to bring it within the con-
cluding part of the section, which, under a different set of circum-
stances, provides for an original action against the claimants to
compel them to interplead and litigate their several claims among
themselves.

Same—Complaint—Insufficiency.
5.  In an action of interpleader to compel conflicting claimants to
funds in the pleader's hands sued upon to litigate their claims among
themselves, the sum due from him must not be in controversy but he
must admit liability for the full amount asserted by any of the
claimants, so that upon payment thereof into court he would
be entitled to be discharged from all liability on any part of the
demand made by plaintiff in the action against him—he must be a

4.  The right of interpleader, see note in 91 **Am. St. Rep.** 593.

disinterested stakeholder, else he is not entitled to maintain interpleader.

Same—Cross-complaint—Insufficiency of Complaint in Interpleader.
   6.   Under the above rule (par. 4), *held* that defendant's cross-complaint, in which he admitted an indebtedness in a much smaller amount than that sued upon, and sought to have attaching creditors litigate their claims to the amount not disputed, was not sufficient as a complaint of interpleader.

Same—Adverse Claimants—Cross-complaint—Sufficiency.
   7.   Under section 9151, Revised Codes, enacted to supplement the interpleader statute by providing for a class of cases not comprehended within section 9087, a defendant may by cross-complaint make others (adverse claimants) parties to the action, so as to permit the court to fully adjudicate the rights of all parties in its subject matter, and under it defendant may, as he may not in an action of interpleader, contest with plaintiff the extent of his liability, and therefore an order striking the pleading from the files was error.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

ACTION by the Security State Bank of Roy against B. P. Melchert. From a judgment for plaintiff after striking defendant's cross-complaint and from the order refusing to set aside the judgment, defendant appeals. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Messrs. Belden & DeKalb* and *Mr. Merle C. Groene* for Appellant.

*Mr. Charles J. Marshall* and *Mr. R. S. Harrington,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by the Security State Bank of Roy against B. P. Melchert to recover $2,374.10 with interest thereon from October 15, 1921. Plaintiff alleged in its complaint that in October, 1920, defendant and one O'Brien entered into a contract by the terms of which O'Brien agreed to perform certain road work, for which defendant

agreed to pay him compensation according to a schedule of prices set forth in the contract; that O'Brien being indebted to plaintiff and desirous of securing further advances, duly assigned to plaintiff all moneys earned or to be earned by him under the contract; that O'Brien performed all of the terms of the contract by him to be performed and that there is due thereon $2,374.10; that the amount of O'Brien's indebtedness to plaintiff exceeds that amount; that plaintiff demanded the amount from defendant and that payment was refused.

The answer consists of (1) certain admissions and denials, (2) an affirmative defense, so called, and (3) a cross-complaint. The execution of the road contract, the assignment by O'Brien to plaintiff, and the demand and refusal to pay are admitted. It is denied that O'Brien completed the work under the contract and that there is due $2,374.10 or any other or greater sum than $1,456.17. By way of affirmative defense it is alleged in effect that in taking the assignment from O'Brien plaintiff acted as wage broker without complying with the statute.

In the cross-complaint defendant alleged the execution of the road contract; that he is indebted for the work done under it in the sum of $1,456.17 and no more; that the Lewistown Mercantile Company, the Montana Lumber & Hardware Company, F. B. Conelly Company, and Badger Bros., each had commenced an action against O'Brien and had attached in defendant's hands the money due under the road contract; that the plaintiff and each of the attaching creditors claim the money; that defendant does not know to whom it of right belongs and cannot safely pay it to one claimant without incurring liability to the others. He therefore paid into court the amount admitted to be due and asked to be discharged.

In the complaint it was stated that after the assignment defendant from time to time made partial payments to plaintiff. In the answer defendant admitted that "certain mon-

eys earned by the said O'Brien under the said contract were by defendant paid to the First National Bank of Lewistown, Montana.'' In his answer defendant also admitted an indebtedness of $1,456.17 to ''said Thomas O'Brien or the plaintiff or the parties hereinafter mentioned,'' the last reference being to the attaching creditors named above. Upon separate motions the court struck out the matters quoted above, except the words ''the plaintiff,'' and also struck out the entire affirmative defense, so called, and the entire cross-complaint, and thereafter without notice to plaintiff entered an order that the action be severed; that plaintiff have judgment against defendant for $1,456.17; and that plaintiff might at its election prosecute the action for the balance demanded in the complaint. An election having been made by plaintiff, judgment was entered accordingly. Thereafter defendant moved to set aside the judgment, but the motion was overruled, and he has appealed from the judgment and from the order denying his motion.

The appeals present for determination the propriety of (1) the orders striking portions of the answer, (2) the order for judgment, and (3) the order refusing to set aside the judgment.

1. The court did not err in striking from the answer the [1, 2] allegation that ''certain moneys earned by the said O'Brien under the said contract were by defendant paid to the First National Bank of Lewistown, Montana.'' While it is true that an allegation in an answer affirmative in form may constitute a denial of some material allegation in the complaint (*National Wall Paper Co.* v. *McPherson*, 19 Mont. 355, 48 Pac. 550), the allegation under consideration does not have that effect. It is neither an admission nor a denial of any allegation contained in the complaint, and such a pleading is not comprehended by any of the provisions of sections 9137 or 9151, Revised Codes of 1921. It is a general rule of pleading that the answer must meet the substance and not merely the form of the charge in the complaint, otherwise it

will be deemed evasive and subject to motion to strike. (*Power* v. *Gum*, 6 Mont. 5, 9 Pac. 575; 31 Cyc. 194.) The other specific allegation stricken will be considered in connection with the order striking the cross-complaint.

2. In the affirmative defense, so called, it is alleged that [3] O'Brien assigned the claim to plaintiff as security for a loan and that the assignment was not acknowledged nor filed with the county clerk as required by sections 4173–4182, Revised Codes of 1921. The statute referred to regulates the business of wage brokers. Section 4175 defines a "wage broker" as follows: "Any person, company, corporation, or association parting with, giving, or loaning money, either directly or indirectly to any employee or wage-earner, upon the security of or in consideration of any assignment or transfer of wages or salary of such employee or wage-earner, shall be deemed to be a wage broker within the meaning of this Act."

It is perfectly apparent that the allegations in the affirmative defense, so called, do not charge that plaintiff acted in the capacity of a wage broker in accepting the assignment; on the contrary, the contract between O'Brien and defendant, referred to and made a part of the answer, discloses affirmatively that O'Brien was neither a wage-earner nor an employee, but was an independent contractor or subcontractor. Defendant did not bring the case within the rule announced in *Costello* v. *Great Falls Iron Works*, 59 Mont. 417, 196 Pac. 982, and the affirmative defense, so called, was properly stricken from the answer.

3. Defendant contends that his cross-complaint is suffi- [4] cient as a complaint in interpleader, but, if it was not, it is a sufficient pleading under section 9151, Revised Codes of 1921.

Section 9087 provides: "A defendant, against whom an action is pending upon a contract, or for specific personal property, may, at any time before answer, upon affidavit that a person not a party to the action makes against him,

and without any collusion with him, a demand upon such contract, or for such property, upon notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount claimed on the contract, or delivering the property, or its value, to such person as the court may direct; and the court may, in its discretion, make the order. And whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves." This section covers two distinct classes of cases: "(1) If A. sues B. respecting a fund which C. also claims, B. may have C. substituted as defendant and himself relieved from liability. When the order of substitution is made, the action proceeds according to the course of common-law practice. (2) If A. and C. assert hostile claims to a fund in the hands of B. but neither commences an action, B., to relieve himself from liability, may commence a suit in interpleader naming A. and C. as defendants, deposit the fund in court, and be discharged. Because B. has no interest in the fund, and because neither A. nor C. has infringed his rights, he cannot state a cause of action at law against either or both, but may invoke the aid of equity." (*Missoula T. & S. Bank* v. *Iman,* 50 Mont. 355, 146 Pac. 941.)

The most casual reading of the cross-complaint discloses that defendant did not bring himself within either provision of that section. He did not before answering present the required affidavit or apply for an order substituting the attaching creditors in his place, and he did not commence an original action against the claimants to compel them to interplead and litigate their several claims among themselves.

But defendant contends that under section 9151 he may by cross-complaint invoke the remedy provided by the second

alternative mentioned in section 9087. The contention cannot be maintained. Section 9151 does not enlarge the right given by section 9087 to maintain a bill in interpleader. But if we waive aside the question of practice and treat the cross-complaint as an original complaint by defendant against the several claimants to the fund, as was done in *Curtis* v. *Williams,* 35 Ill. App. 518, the question then arises: Does it state facts sufficient to entitle defendant to have the several adverse claimants interplead? That it does not do so is manifest. [5, 6] It is elementary that if the statement in the complaint in interpleader raises any question as to the amount of the claim in litigation, this of itself is fatal to the right to maintain it. In other words, the amount due from this defendant cannot be the subject of controversy in interpleader proceedings. In order to maintain his bill he must admit liability for the full amount asserted by any of the claimants, and he cannot have another or others made to contest a part of plaintiff's demand while he interposes a defense as to the residue. Before the court could bring in the other claimants as defendants under section 9087 to litigate the right to the money in the hands of the defendant, it must have been made to appear that upon paying that money into court defendant would be entitled to be discharged from all liability upon any part of plaintiff's demand. This is the meaning of section 9087. (*Orient Ins. Co.* v. *Reed,* 81 Cal. 145, 22 Pac. 484; *Baltimore & Ohio R. Co.* v. *Arthur,* 90 N. Y. 234; *Bender* v. *Sherwood,* 15 How. Pr. (N. Y.) 258; *Southwestern T. & T. Co.* v. *Benson,* 63 Ark. 283, 38 S. W. 341; *Williams* v. *Matthews,* 47 N. J. Eq. 196, 20 Atl. 261; 2 Story's Equity Jurisprudence, 4th ed., sec. 1117; 23 Cyc. 6.)

Plaintiff sued to recover from this defendant on the O'Brien contract the sum of $2,374.10. Defendant admitted an indebtedness in the sum of $1,456.17 and no more. His cross-complaint fails to disclose that he is merely a stakeholder entirely indifferent between the conflicting claimants. In 15 R. C. L. 226, the rule is stated succinctly as follows: "It is

of the essence of an interpleader suit that the plaintiff should be entirely indifferent between the conflicting claims, asserting no interest in himself in the fund in dispute. An attitude of perfect disinterestedness, excluding even an indirect interest, on the part of the plaintiff is indispensable to the maintenance of the bill, and his position must be one of 'continuous impartiality,' save that the thing in his possession be awarded to the right party. When, therefore, the plaintiff denies his liability for part of the claim of one of the contestants he cannot have a bill of interpleader. A plaintiff cannot be said to be disinterested where his liability may be different in amount to the parties on whom he calls to interplead. He is not disinterested if he is a necessary party to a controversy touching the amount of the fund that should be brought into court, the fund not being sufficient to satisfy the claims of all the defendants.''

But though defendant is not in a position to invoke the [7] provisions of section 9087, it does not follow that his cross-complaint is ineffectual for any purpose. Section 9151 provides, among other things: ''Whenever any defendant to an action desires any relief against any party relating to or dependent upon the contract, transaction, or subject matter upon which the action is brought, or affecting the property to which the action relates, * * * any defendant may, in addition to and in his answer, file at the same time, or subsequently by permission of court, a cross-complaint against all parties to such action, and may make as additional parties to such action, and ask relief against, any person, firm, association, or corporation, necessary or required to permit the court to make a full determination of and to adjudicate all rights of any person, firm, association, or corporation, relating to or dependent upon the contract, transaction, or subject-matter, or affecting the property to which the action relates.'' The remaining portion of the section provides for service upon the party or parties who have appeared in the action and for bringing in additional parties. We have been

unable to find any other statute providing for a cross-complaint which is as sweeping in its provisions as our statute above.

Manifestly it was the intention of our legislative assembly in enacting this statute to broaden the rule which obtained under the ancient chancery practice, by permitting additional parties interested in the subject matter of the action to be brought in, to the end that a complete adjudication of all their rights may be had in the one action. This statute supplements the interpleader statute by providing for a class of cases not comprehended by section 9087. The relief permitted differs from that obtainable under interpleader, in that it permits defendant to contest with plaintiff the extent of his liability, and when that liability is determined it authorizes the court to decide to which of the adverse claimants the liability extends or to apportion the amount found due to the several claimants according to their respective rights. If defendant may not be heard to assert his cross-complaint, then he must admit an indebtedness beyond the amount which he asserts to be due or litigate with plaintiff alone, unless the attaching creditors voluntarily intervene pursuant to the provisions of section 9088, or unless the court orders the other claimants brought in pursuant to section 9090. If he litigates with plaintiff alone, the only question for determination is the extent of his liability. When that question is settled, judgment for plaintiff will follow as of course, and when that judgment is satisfied and defendant has parted with the fund he may find himself involved in litigation with each of the attaching creditors and may be compelled to respond to each of them for the amount of his claim. In other words, defendant may be compelled to pay the amount of his indebtedness to each of the five claimants, since the judgment in one case would not be binding upon any claimant not a party to the action prosecuted successively by each of the other claimants. Clearly the law does not contemplate such an absurd result.

Prior to the enactment of section 9151 in 1919, the situation here presented doubtless would have been resolved by expanding the terms of section 9090, but in the presence of this new provision the necessity for resorting to section 9090 is obviated. Although defendant is not entitled to be discharged until the extent of his liability is determined, his cross-complaint should not have been stricken, but the attaching creditors should have been brought into the action under the terms of the concluding sentence of section 9151. It is our conclusion that the trial court erred in striking out the cross-complaint, and for the same reason erred in striking from paragraph 6 of the answer the words "the said Thomas O'Brien or the parties hereinafter mentioned." The effect of striking these words was to compel defendant to admit that the $1,456.17 was due to this plaintiff, an admission which defendant was unwilling to make and one which he could not make if the allegations of his answer are true. Or stated differently, the effect of the trial court's order was to make for this defendant a pleading different from the one which he made for himself. If the allegations in paragraph 6 stood alone, they would not constitute any defense; but when the answer is considered in its entirety, they are material and, with the cross-complaint, present for determination the question: To whom does the fund really belong? And this is one of the two questions properly to be decided as indicated above.

4. From what has been said it follows that the court erred in directing judgment for plaintiff for the amount admitted by defendant to be due from him to the party entitled thereto.

The judgment and order are reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Galen and Stark concur.