ZUNCHICH, Appellant, *v.* SECURITY BUILDING & LOAN
ASSOCIATION et al., Respondents.

(No. 6,459.)

(Submitted May 25, 1929. Decided June 22, 1929.)

[278 Pac. 1011.]

*Mr. James B. O'Flynn* and *Messrs. Hurd, Hall & McCabe,* for Appellant, submitted a brief; *Mr. H. C. Hall* argued the cause orally.

*Mr. S. B. Chase, Jr.,* and *Messrs. Brown, Wiggenhorn & Davis,* for Respondent Security Building & Loan Association, submitted a brief; *Mr. Horace S. Davis* argued the cause orally.

*Messrs. Slattery & Tighe,* for Respondent Marion Brown, submitted a brief; *Mr. John L. Slattery* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On July 9, 1927, this action was instituted by the plaintiff to recover from the defendant Security Building & Loan Association, a Montana corporation, the sum of $2,508.84 alleged to be due the plaintiff on a prepaid certificate issued by the

defendant corporation in the name of Marion Brown on November 8, 1926. On August 1, 1927, the defendant corporation filed its answer to the plaintiff's complaint which, as subsequently amended, admits the affirmative allegations of plaintiff's complaint with the exception that the defendant denied "having sufficient knowledge or information to form a belief as to whether the plaintiff has been or is now the owner or holder of said stock or entitled to the possession thereof," and alleged that on June 18, 1927, the certificate of stock was delivered to it for payment and withdrawal, indorsed on the back thereof with the names of the plaintiff and Marion Brown, but that the defendant is unable to state whether the respective names so indorsed thereon are the genuine signatures of these persons, or either of them, and that the reason the same has not been paid is that the value thereof has been claimed and payment thereof demanded by both the plaintiff and Marion Brown. Further it is alleged that it had deposited with the clerk of the court, in cash, the full value of the stock certificate, $2,508.84, "to abide the result of this action." And by way of cross-complaint, the defendant corporation asked to have Marion Brown made a party defendant in the action, and that the plaintiff and Marion Brown be required to litigate their respective claims to the money. At the time of filing the original answer the defendant corporation also moved the court to require Marion Brown to appear as a party defendant in the action; that she be substituted in place and stead of the defendant corporation; and that the latter be relieved from all liability to either the plaintiff or Marion Brown, showing by affidavit attached to the motion that Marion Brown has made demand upon the defendant on the contract which is the subject of the action, "and claims to be the owner of the certificate of stock which is the subject of said action and to the withdrawal value thereof." On August 25, 1928, the court ordered that "Marion Brown be joined and made a defendant in the said action," and the clerk of the court was directed to issue summons for service upon her. The day following the court revoked and canceled that order, thus denying the de-

fendant corporation relief by interpleader. Subsequently, on October 10, 1927, defendant corporation filed and served its amended answer and cross-complaint. Plaintiff replied to the answer of the defendant corporation, denying all right or claim of Marion Brown to the stock certificate or to any amount due thereon. Marion Brown made appearance, and, by way of answer to the cross-complaint of the defendant corporation, alleges that she is the owner of the certificate in question; that she never indorsed it or presented it for payment to the defendant corporation; and that, if the same bears her signature by way of indorsement, it is a forgery. She prayed that a return of the certificate be decreed to her, and that she be adjudged the owner thereof.

Replies were filed to the answer of Marion Brown by the plaintiff and also by the defendant corporation, the latter asserting in its reply willingness to restore the stock, or renew the same, or to issue a new certificate of stock to the person by the court determined to be entitled thereto. Issues thus having been joined, the cause was tried to a jury. At the conclusion of the evidence introduced by the plaintiff, the defendant corporation refused to put in any evidence, and thereupon counsel for the defendant Marion Brown moved the court for a nonsuit as to the cause of action between the defendant corporation and herself, on the ground and for the reason that it affirmatively appears from the evidence introduced in the case "that there is no warrant in law for her being compelled to defend in this cause." This motion was by the court denied. The plaintiff then moved for a directed verdict in his favor and against the defendant corporation, which was likewise denied. Thereupon Marion Brown introduced testimony tending to establish her claim of ownership to the certificate in controversy. The jury returned a general verdict in favor of the defendant Marion Brown and against the Security Building & Loan Association and the plaintiff Joe Zunchich; and made a special finding to the effect that Marion Brown was the owner of the certificate involved at the time the same was presented for payment. Judgment was

entered upon the verdict and special finding of the jury in favor of the defendant Marion Brown and against the plaintiff and the defendant corporation, adjudging the defendant Marion Brown to be legally entitled to the certificate and requiring the defendant corporation to forthwith return such certificate to her possession, and awarding costs to the defendant Marion Brown, amounting to the sum of $7.50 against the defendant corporation. The cross-complainant duly served and filed a memorandum of its costs incurred in the action amounting to $105.50, and regularly made and presented its motion to retax costs in the action, asking that by the judgment it be awarded its costs incurred, and the plaintiff required to pay the same, which motion was denied. A motion for a new trial was made by the plaintiff, and it was also denied. The plaintiff and the defendant corporation have each appealed from the judgment.

The plaintiff's several assignments of error present but one question for decision, viz.: Was Marion Brown properly brought into the action as a party defendant by the cross-complaint of the defendant corporation, so that the court possessed jurisdiction to enter the judgment?

Authority is by statute conferred upon a defendant against whom an action is pending on a contract, or for specific personal property, at any time before answer, upon a showing by affidavit that a person not a party to the action, without collusion, makes claim against him upon the contract, or for such property, to make application to the court for an order substituting such person in his place and discharging him from liability to either party "on his depositing in court the amount claimed on the contract, or delivering the property, or its value, to such person as the court may direct; the court may, in its discretion, make the order. And whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made, and the action of interpleader may be

maintained, and the applicant or plaintiff be discharged, * * * although their titles or claims have not a common origin, or are not identical, but are adverse to and independent of one another." (Sec. 9087, Rev. Codes 1921.) And "Whenever any defendant to an action desires any relief against any party relating to or dependent upon the contract, transaction, or subject-matter upon which the action is brought, or affecting the property to which the action relates, or whenever the judgment in such action may determine the ultimate rights of defendants to an action as between themselves, any defendant may, in addition to and in his answer, file at the same time, or subsequently by permission of court, a cross-complaint against all parties to such action, and may make as additional parties to such action, and ask relief against any person, firm, association, or corporation, necessary or required to permit the court to make a full determination of and to adjudicate all rights of any person, firm, association, or corporation, relating, to or dependent upon the contract, transaction, or subject-matter, or affecting the property to which the action relates." (Id., 9151.) The remaining portions of this section of our statute provide for service upon the party or parties who have appeared in the action and for bringing in additional parties. Plaintiff's learned counsel argue that sections 9151 and 9087 do not provide alternate remedies; that section 9087 provides for a substitution of defendants where the amount or liability is not in question; whereas, section 9151 provides for the bringing in of additional parties where the amount or liability is disputed; consequently, that the court was without jurisdiction to enter the judgment.

In our opinion these enactments are not in conflict, but rather in harmony, one being complementary to the other; the evident purpose of both being to expedite litigation and afford protection to both persons and property involved in litigation. It is manifest that it was the intention of the legislature in enacting the latter statute, section 9151, in the year 1919, "to broaden the rule which obtained under the ancient chancery practice, by permitting additional parties interested in the sub-

ject matter of the action to be brought in, to the end that a complete adjudication of all their rights may be had in the one action. This statute supplements the interpleader statute by providing for a class of cases not comprehended by section 9087. The relief permitted differs from that obtainable under interpleader, in that it permits defendant to contest with plaintiff the extent of his liability, and when liability is determined it authorizes the court to decide to which of the adverse claimants the liability extends or to apportion the amount found due to the several claimants according to their respective rights." (*Security State Bank* v. *Melchert*, 67 Mont. 535, 216 Pac. 340.) A defendant may thus by cross-complaint make other adverse claimants to the subject matter of the action parties thereto, the defendant being authorized to contest with the plaintiff the extent of his liability, not permissible in an interpleader action; and the court is thereby empowered in one proceeding to fully adjudicate the rights of all parties to the property in controversy.

The evident purpose of the legislature, in authorizing the filing of a cross-complaint in an action, was to enable all matters in dispute between the parties relating to or depending upon the contract, transaction or subject matter upon which the action is brought, or affecting the property to which the action relates, to be determined in a single action and by one judgment adjudging to a defendant seeking it such affirmative relief as he is justly entitled to. In other words, it is sanctioned to avoid a multiplicity of suits, thereby saving vexation and expense. For all practical purposes the situation resulting from the filing of a cross-complaint involves a consolidation of two independent actions arising out of, or related to, the same transaction. (1 Bancroft's Code Pleading, sec. 447.) The only real difference between a complaint and a cross-complaint is that the former is filed by the plaintiff upon commencing the action, while the latter is filed by a defendant in the action after it has been instituted. When a defendant files a cross-complaint seeking affirmative relief, in effect he becomes a plaintiff in the action as to the relief so sought,

and the plaintiff becomes a defendant with respect thereto. (Id., sec. 446.) However, in this action, there being no dispute as to the amount due on the certificate from the defendant corporation, the court should have permitted the substitution of Marion Brown as a party defendant under the interpleader statute, section 9087, Revised Codes of 1921. However, the court having denied the defendant corporation the right to interplead, the only course left open to it was to invoke the aid of section 9151, and file a cross-complaint making Marion Brown a party to the action, which it did. This section is sufficiently broad in scope to permit such procedure, thereby expediting the controversy and affording an avenue permitting the court to do justice as between all parties interested. In our opinion the cross-complaint filed in the action was warranted, and the court acted within its jurisdiction in trying the adverse claims of the defendants to the property involved, and in entering judgment.

2. On petition for a rehearing we have given further earnest consideration to this case. The opinion above set forth will stand; but we have determined that we were wrong in our conclusion reached on the defendant corporation's cross-appeal involving the question of the taxation of costs. Did the court err upon motion to retax costs, in refusing to award the defendant corporation its costs incurred in the action?

The motion of the cross-appellant presented to the district court was "to retax the costs claimed by cross-defendant, Marion Brown, against said Security Building & Loan Association, a corporation, and to tax said costs against the plaintiff, Joe Zunchich, upon the ground and for the reason that the said Security Building & Loan Association, a corporation, is in effect a stake-holder or interpleader, and that the controversy was between the said Joe Zunchich and the said Marion Brown, and that a judgment having been rendered in favor of the said Marion Brown, the costs should be taxed against said plaintiff." The defendant corporation further moved the court to tax the costs incurred by defendant corporation "according to the memorandum of costs filed herewith against the

said plaintiff, Joe Zunchich upon the ground and for the reason that the said plaintiff failed to recover of and from the defendant, Security Building & Loan Association, a corporation, upon the cause of action set forth and alleged in the complaint, and that said defendant is entitled to recover its costs against said plaintiff for that reason." It is contended that since the judgment determined "that the plaintiff herein, Joe Zunchich, take nothing in this action," it is clearly a judgment in favor of the defendant corporation, and as to costs incurred by the defendant corporation its rights thereto are governed by the provisions of sections 9787 and 9788 of the Revised Codes of 1921, whereby it is entitled to its costs as a matter of course. It is argued that the plaintiff wholly failed to establish his cause of action against the defendant corporation, and that the judgment is as much in favor of the defendant .corporation as it is against it with respect to the defendant Brown.

Section 9787 provides for the allowance of costs to the plaintiff in an action as a matter of course, "*upon a judgment in his favor*," in the several instances specifically stated; and the following section, 9788, provides that "costs must be allowed, of course, to the defendant, *upon a judgment in his favor* in the actions" specified in section 9787. But this action is not of the character of any of those mentioned in section 9787, and therefore, in determining the award of costs to parties in the action, section 9789 is controlling, which reads as follows: "In other actions than those above mentioned, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court; but no costs can be allowed in an action for the recovery of money or damages when the plaintiff fails to recover more than fifty dollars, nor in an action to recover the possession of personal property, when the value of the property is not more than fifty dollars."

In construing and applying these sections, Mr. Justice Holloway, speaking for this court, said, and we think correctly, that: "Costs *eo nomine* were not recoverable by either party at common law. They are the creatures of statutes, and in

this state the defendant's right to recover costs must be made to depend upon our Code provisions. (*Spencer* v. *Mungus,* 28 Mont. 357, 72 Pac. 663.) Section 9787, Revised Codes of 1921, provides that costs are allowed, of course, to plaintiff upon a judgment in his favor in any of the cases therein enumerated. Section 9788 provides: 'Costs must be allowed, of course, to the defendant, upon a judgment in his favor in the actions mentioned in the preceding section.' Section 9789 provides for the apportionment or division of costs in actions other than those mentioned in section 9787, and section 9790 likewise provides for the division of costs in an action wherein there are several defendants, defending separately, and plaintiff fails to recover against all of them. Aside from the provisions contained in these last two sections, there is not any statutory authority for dividing or apportioning costs incurred in the district court, and clearly neither of these sections has any application to the cause now before us, since it is one of the actions mentioned in section 9787, and there is but one party defendant. By enumerating the particular instances in which costs may be apportioned, the statute impliedly excludes the right of apportioning them in any other instances, under the familiar maxim, *expressio unius est exclusio alterius.* * * * The several provisions of our statutes governing costs must be construed together and, thus construed, section 9788 must be held to apply only in an action wherein the defendant recovers a judgment and the plaintiff is altogether unsuccessful." (*Jones* v. *Great Northern Ry. Co.,* 68 Mont. 231, 37 A. L. R. 754, 217 Pac. 673.)

Under authority of section 9789, costs may be apportioned between the parties as would seem just and proper within the discretion of the court; but in our opinion since the defendant corporation had no interest in the outcome of the action, but merely was a party thereto acting as a stakeholder between the claimants, the court abused its discretion in assessing the costs incurred by the defendant Marion Brown against the defendant corporation and in denying it the right to recover its costs against the plaintiff, amounting to the sum of $105,

incurred simply to the end that it might be given the protection of the court's judgment in making delivery of the property involved in the action, as to which there were adverse demands made upon it.

Here the plaintiff sued to recover a specific sum of money from the defendant corporation. He lost. Judgment was entered in favor of another party defendant brought into the action by the defendant corporation's cross-complaint, which cross-complaint was necessitated by reason of the fact that the defendant corporation, while admitting the obligation, did not know which of two adverse claimants was rightfully entitled to the property. Under all of the facts we think it but equitable that the plaintiff should be required to pay all of the costs. He claimed ownership of the property involved, and denied any right thereto on the part of the defendant Brown. The court properly found upon sufficient evidence that the property belonged to Brown and not to the plaintiff. The defendant corporation's costs were necessarily incurred in self-protection and for the benefit of the adverse claimants to the property. In our opinion it was an abuse of discretion on the part of the court to mulct the defendant corporation with the defendant Brown's costs and deny unto it its costs incurred in preservation of the property for the benefit of the claimant rightfully entitled thereto.

Accordingly, the judgment will be modified as to the item of costs in accordance with the views herein expressed, and when so modified will stand affirmed. The defendant corporation and Marion Brown will each be allowed their costs incurred, respectively, on these appeals against the plaintiff. A rehearing is denied.

Mr. Chief Justice Callaway and Associate Justices Matthews, Ford and Angstman concur.