STATE ex Rel. UNION CENTRAL LIFE INSURANCE CO., Relator, *v.* DISTRICT COURT et al., Respondents.

(No. 7,566.)

(Submitted May 9, 1936. Decided May 25, 1936.)

[58 Pac. (2d) 491.]

*Messrs. Rockwood Brown, Horace S. Davis* and *Melvin N. Hoiness,* for Relator, submitted an original and a reply brief; *Mr. Davis* argued the cause orally.

*Messrs. H. L. Myers, Albert Anderson* and *H. F. Hibbs,* for Respondents, submitted a brief; *Mr. Anderson* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an original proceeding in this court seeking to review the ruling of the respondent district court in denying relator's motion to strike a cross-complaint. The court has appeared by motion to quash the alternative writ of supervisory control.

The relator, Union Central Life Insurance Company, a corporation, as plaintiff, on August 15, 1935, commenced in the district court of Carbon county an action to foreclose a real estate mortgage, claiming thereunder and in the action to be entitled to the rents, issues, and profits. The Case Grain Company, a corporation, was not originally a party to that action but intervened by leave of court, claiming to have in its possession certain grain and the proceeds of certain grain which represent at least a portion of the rents, issues, and profits

from the mortgaged land. In substance it was set out in this complaint in intervention that the plaintiff and the defendants who are the owners of the mortgaged real estate make conflicting claims against the intervener to the grain and the proceeds. The prayer of this complaint is for an order of interpleader and the discharge of the intervener.

The defendant owners of the mortgaged real estate, who for convenience are referred to as the "Dullenty defendants," filed answer to the complaint of the plaintiff in foreclosure, asserting certain defenses. They also filed answer to the complaint in intervention of the Case Grain Company. In addition, the Dullenty defendants filed a cross-complaint to the complaint in intervention of the Case Grain Company, wherein it is alleged, in two counts, that the grain in question was sold to that company on the date of its delivery for the market value, and in the other count for an agreed price on the same day, judgment being sought against the grain company for the value of the wheat alleged to have been sold. The date on which it was alleged the grain was sold is subsequent to the commencement of plaintiff's action in foreclosure. The tenants of the land, who were either croppers or lessees were made parties defendant and alleged by answer that the grain which they delivered to the Case Grain Company was the landlord's share of the crop, and disclaimed any interest in it.

Various demurrers and motions were filed on behalf of various parties, some of which the trial court has ruled upon, but in this proceeding a review is sought of the ruling of the trial court in denying plaintiff's motion to strike the cross-complaint of the Dullenty defendants against the Case Grain Company. With the other rulings of the court we are in nowise concerned in this proceeding.

In the application for the writ, certain facts are set forth as being sufficient to warrant this court in assuming jurisdiction as an original proceeding. The respondent court asserts by brief and argument, as well as by its motion to quash, that these facts are insufficient. In view of our conclusion, we deem

it unnecessary to pass upon the question of the propriety of this proceeding, but will proceed to the discussion of the merits, assuming for the purposes of the opinion, but not deciding, that the cause is within the original jurisdiction of this court.

The primary question for solution on the merits is: Could the Dullenty defendants properly file, under our statutes, a cross-complaint to the complaint of the intervener Case Grain Company?

Section 9151 of our Codes provides expressly for the filing of a cross-complaint, the portion thereof here pertinent reading as follows: ''Whenever any defendant to an action desires any relief against any party relating to or dependent upon the contract, transaction or subject-matter upon which the action is brought, or affecting the property to which the action relates, or whenever the judgment in such action may determine the ultimate right of defendants to an action as between themselves, any defendant may, in addition to and in his answer, file at the same time, or subsequently by permission of court, a cross-complaint against all parties to such action, and may make as additional parties to such action, and ask relief against, any person, firm, association, or corporation, necessary or required to permit the court to make a full determination of and to adjudicate all rights of any person, firm, association, or corporation, relating to or dependent upon the contract, transaction, or subject-matter, or affecting the property to which the action relates.'' The remaining portion of the section relates to the service of the cross-complaint upon parties, and for its service and of summons upon new parties brought into the proceeding.

The relator contends that, since it appears from the petition that the cause of action, if any, of the Dullenty defendants against the Case Grain Company arose after the filing of the complaint in foreclosure, they are without right to inject this cause of action into the proceeding in the lower court. Certain decisions of this court with reference to the necessity of counterclaims in existence at the time of the commencement of the

original action are directed to our attention, which are without application here; in fact, such is the rule declared by our statute as to certain counterclaims. (Sec. 9138, Rev. Codes 1921.) However, section 9151 itself contains no such limitation. It might be noted, in passing, that the statute with reference to cross-complaints (sec. 9151) was first enacted in 1919, whereas the counterclaim statute antedated the adoption of our Codes in 1895. This same question was argued in the case of *Callender* v. *Crossfield Oil Syndicate*, 84 Mont. 263, 275 Pac. 273, 277, wherein this court said: "Had the legislature intended to place such a restriction as to pleading by way of cross-complaint, it would have used the same, or similar, language as that used in the statutes relating to counterclaims. Considering the very purpose of the Act and the language used, we think no such limitation was intended." This contention cannot be sustained.

It is further contended that a defendant may not file a cross-complaint to the complaint in intervention. The Case Grain Company came into this proceeding as an intervener. The Dullenty defendants, as to the complaint of the intervening Case Grain Company, were defendants. Section 9088, Revised Codes 1921, relating to intervention provides that the parties who have appeared and upon whom a complaint in intervention is served may answer or demur to it the same as if it were an original complaint. The complaint in intervention as applied to the present situation was the same as though an original proceeding had been brought against the Dullenty defendants seeking relief by way of interpleader, and they should be accorded the same rights as they would have been entitled to, had it been an original complaint as distinguished from a complaint in intervention. (*Wall* v. *Mines*, 130 Cal. 27, 62 Pac. 386.)

It is urged by relator that in order to maintain a cross-complaint it must state a cause of action against all the parties to the action. This argument is based upon certain phrases found in section 9151, supra, and in particular the ex-

pression found after the enumeration of the various classes of cases wherein a cross-complaint may be filed, stating that at the time of filing the answer, or subsequently, the defendant may by permission of court file a cross-complaint against all parties to such action, the section then providing for the bringing in of additional parties. We are unable to see the force of this argument. The opening line of the section states that whenever any defendant desires any relief against any party, a cross-complaint may be filed, if it otherwise conforms to the statute. To limit the force of the section as contended for by relator would, for practical purposes, destroy it, and in particular would eliminate the provision just quoted to the effect that any defendant may have relief against any party. As we read the section, it means that any defendant who desires relief against any party if he has a cause which is properly the subject of cross-complaint may prosecute his cause of action by cross-complaint and obtain relief against any party, but all the parties to the action are likewise parties to the cause of action set forth in the cross-complaint. This view is sustained by what this court said in the case of *Callender* v. *Crossfield Oil Syndicate,* supra.

The principal contention of the relator is that the cross-complaint of the Dullenty defendants is insufficient, in that the relief sought does not to any extent defeat, overcome or affect plaintiff's cause of action, or lessen, modify or interfere with the relief sought by the plaintiff. In other words, it is said that if the controversy between the Case Grain Company and the Dullenty defendants is tried, whatever the result may be, it will in nowise affect the relief to which plaintiff will be entitled on the foreclosure of its mortgage. This contention finds support in what is said by this court in the *Callender Case,* supra, as follows: "To constitute a cross-complaint, the relief sought must to some extent defeat, overcome, or affect plaintiff's cause of action, or lessen, modify, or interfere with the relief sought by plaintiff. (*Yorba* v. *Ward,* 109 Cal. 107, 38 Pac. 48, 41 Pac. 793.)"

Under our statute (section 9151, supra), a defendant, if he desires relief against any party, may file a cross-complaint when the relief sought (1) relates to or is dependent upon the contract, transaction, or subject-matter upon which the action is brought; (2) or affecting the property to which the action relates; (3) or whenever the judgment in such action may determine the ultimate rights of the defendants to an action as between themselves. This court in the *Callender Case*, supra, cited as authority for the statement made a decision from the California court, and counsel have invited our attention to many decisions from that court on the subject of cross-complaints, which in their judgment are persuasive in support of their position. It is noteworthy that the corresponding section of the California Code of Civil Procedure (section 442) contains no language comparable or similar to that set forth in the third class enumerated above. Nor have we been able to find any statute in any state relating to cross-complaints which contains similar language. What this court said in the *Callender Case*, supra, as applied to cases falling within what we have classified as classes (1) and (2), we have no doubt as to its applicability, but as to cases falling within class (3), we question the application of the statement.

The last paragraph of section 9314, Revised Codes 1921, and particularly that portion of the second paragraph which follows the semicolon, is worthy of consideration in the solution of the question in hand. This second paragraph provides as follows: ''Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves.'' The particular portion of this section to which we have directed attention has, so far as we have been able to determine, never, as applied to a situation such as we have here before us, been considered either by this court or by the California courts, which state has an identical section (sec. 578, Code Civ. Proc.) as the second paragraph of our section

9314. The state of Indiana has for many years had an identical section, which is now found in Baldwin's Indiana Statutes 1934, as section 377. Likewise the state of Washington has an identical section, now found in Remington's Revised Statutes, as section 406. These courts have considered and applied this statute. The supreme court of Indiana, in the early case of *Fletcher* v. *Holmes,* 25 Ind. 458, said of this section: "The statute expressly confers power to determine the rights of the parties on each side of a case as between themselves, when the justice of the case requires it." The court then observed that the mode of procedure was not pointed out by the statute and, as authority given was one previously possessed only by the court of chancery, it proceeded to apply the rules of chancery pleading relative to cross-bills. The Washington court has recognized this statute as the basis of permitting cross-complaints and allowing the injection of what might be said to be a separate lawsuit which in nowise diminishes or affects the relief to which the plaintiff in the original suit was entitled. (See *Maher & Co.* v. *Farnandis,* 70 Wash. 250, 126 Pac. 542; *Huxtable* v. *Berg,* 98 Wash. 616, 168 Pac. 187.)

In Pomeroy's Code Remedies, fifth edition, section 682, the author makes the following comment upon the interpretations placed by the various courts on cross-complaint statutes: "The practice in a few of the states admits a 'cross-complaint' by a defendant, not only against the plaintiff, but against other defendants. Although there is a general similarity, if not substantial identity, in the provisions of the various Codes concerning the granting of relief to defendants against the plaintiffs or against each other, yet a very great difference in the actual practice founded upon these provisions has grown up in the several states. In most of them, the clauses of the statute referred to are practically a dead letter; while in a few they have been accepted and acted upon according to their evident intent. A wide departure has thus been made in the latter commonwealths from the methods which prevailed before the introduction of the reformed procedure."

Section 9151, supra, directs that a cross-complaint may be filed whenever the judgment in such action may determine the ultimate rights of the defendants as between themselves, and section 9314 provides that the court may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves. Manifestly the court cannot determine the ultimate rights of parties on one side of a lawsuit between themselves without some appropriate pleadings.

The Dullenty defendants in their answer, as distinguished from their cross-complaint to the complaint in intervention of the Case Grain Company, assert that all their share of the wheat which was delivered to the grain company was sold, and thereby is raised the issue of whether the Case Grain Company is entitled to deliver the proceeds of the wheat admittedly sold and the wheat which it asserts was not sold and thereby relieve itself of liability, or whether it must pay for all the wheat in accordance with the allegation of their answer. It will, therefore, become necessary for the trial court to determine just what the Case Grain Company should deliver—whether money and wheat, or a sum of money to be ascertained. Certainly, when the court determines what the Case Grain Company is to deliver in order to secure its release, such a determination may determine the ultimate rights between the grain company and the Dullenty defendants; and likewise, in order to do complete justice between all the parties, the court should permit pleadings so that the ultimate rights of the Dullenty defendants and the Case Grain Company be determined in this action.

The mere fact that there is a controversy between the Case Grain Company and the Dullenty defendants as to what that company should deliver does not prevent its maintaining its complaint in intervention in the nature of interpleader. (*Security State Bank of Roy* v. *Melchert*, 67 Mont. 535, 216 Pac. 340; *Zunchich* v. *Security Building & Loan Assn.*, 85 Mont. 341, 278 Pac. 1011.)

What this court said in the case of *Callender* v. *Crossfield Oil Syndicate,* supra, which we have quoted above, applies only to the cases coming within classes (1) and (2) as enumerated in this opinion, but it is without application to cases coming within class (3), such as this one. The decision of the court in the *Callender Case* was doubtless correct as applied to the particular cross-complaint there before the court, but we desire at this time expressly to limit the rule there announced as herein stated.

We have read and considered the cases cited by the relator in its brief, but, without a review of them in detail, as we have already pointed out, none of them were decided under a statute containing the provision such as section 9151, and none of them consider the force and effect of a statute similar to the second paragraph of section 9314. It is therefore unnecessary to indulge in further discussion with reference to these decisions.

Accordingly, the motion to quash is sustained and the proceeding dismissed.

Mr. Chief Justice Sands and Associate Justices Matthews and Stewart concur.

Mr. Justice Morris being absent, did not hear the argument and takes no part in the foregoing decision.