STATE EX REL. BEDORD, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 8,200.)

(Submitted March 17, 1941. Decided June 12, 1941.)

[114 Pac. (2d) 265.]

194

*Messrs. Hall & Alexander,* for Relator, submitted an original and a reply brief; *Mr. H. C. Hall* argued the cause orally.

*Mr. J. D. Fitzstephens,* for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an application for a writ to issue from this court, under its power of supervisory control, to correct certain alleged

errors of the trial judge in an action commenced by the relator in the district court and which are complained of as prejudicial to the orderly prosecution of the action. The complaint made is of the ruling of the district judge on motions in respect to the pleadings filed and the procedure resorted to by the defendant and others who have come in as parties to the action after it was commenced. The pleadings are numerous and lengthy, and the procedure attempted leads into a devious course with resulting difficulties apparent at a quick glance.

The relator Bedord sued Anderson, a grain dealer, for conversion of a quantity of wheat which he, the relator, claimed under the lien of a mortgage, alleging in his complaint that the defendant Anderson purchased the wheat from the mortgagor LaGrand, well knowing that it was covered by chattel mortgage given by LaGrand to plaintiff to secure a debt owing to plaintiff, the amount of damages claimed being $437. Anderson answered denying all allegations of the complaint, excepting that he had received 1,275 bushels of wheat which he admitted. Upon the filing of this answer the case was at issue as between Bedord and Anderson, the only parties to the action as it then stood. However, at the time of filing his answer, Anderson filed also another pleading which he called a cross-complaint and in which he joined with him as codefendants Everett LaGrand and Olive LaGrand. In this so-called cross-complaint Anderson alleged that he is the owner and operator of a grain elevator and was at the time of the transaction in question; that in the fall of 1938 Everett LaGrand and Olive LaGrand delivered to him 2,752 bushels of wheat for storage, and that in the following spring, in April, they sold this wheat to him for $935.91; that the plaintiff claims $437 of such sale proceeds, and that Everett LaGrand and Olive LaGrand claim the entire proceeds; and that he has no knowledge of the validity or merit of the claim of either the plaintiff or of the defendants LaGrand. The prayer of this so-called cross-complaint is as follows: "Wherefore, this defendant prays that plaintiff and defendants, Everett LaGrand and Olive LaGrand, be required

to litigate their claims to the proceeds derived from the sale of said wheat unto this defendant, and that upon the full determination of the respective claims, defendant be allowed to make payment of the proceeds from the sale of said wheat to the person or persons justly entitled thereto, and that upon such payment, this defendant be relieved of any liability whatsoever to each and both of the other parties hereto; and for such other relief as to the court may seem equitable and just; and for this defendant's costs in this action.''

To this so-called cross-complaint plaintiff made answer admitting that Anderson was engaged in elevator business and that the LaGrands had delivered the wheat to the defendant Anderson for storage, and that he, the plaintiff, claims $437, but denies that the LaGrands claim all of the proceeds from the sale of the wheat, and denies that the defendant is wholly ignorant as to the validity of the respective claims of the plaintiff and the LaGrands as to the proceeds. He prays judgment as by his complaint.

Thereafter the LaGrands filed an answer to the so-called cross-complaint of the defendant Anderson, admitting generally the allegations thereof, except as respecting the claim of the plaintiff, which is denied, and denying also that defendant is ignorant of the merits of the conflicting claims to the wheat proceeds. They allege that the notes and mortgage sued on by Bedord were given in connection with the purchase of a grain binder which was covered by the mortgage, together with other property, all given to secure balance of the purchase price of the binder; that there was a guaranty of the binder with agreement that there should be no liability on the notes if the binder was not as represented; that the mortgage was to cover the crop on a certain 80-acre tract known as the ''Red Brown Eighty,'' the description of which was not definitely known at the time the mortgage was signed and was to be inserted later by plaintiff; that the plaintiff, without right, inserted a description of all lands on which the LaGrands had a crop, and that the mortgage as set forth was never confirmed or authorized, and that they

had never received a copy thereof and did not know what had been done with the mortgage until this suit was started by plaintiff. They allege further that they did not execute the mortgage and that it is invalid. They pray that the action be dismissed as to the defendant Anderson and themselves.

After the filing of this answer by the LaGrands, the plaintiff moved the court to require the defendant Anderson to forthwith deposit with the clerk of the court, to abide the result of the action, the full sum of $935.91, or, in the alternative, that the so-called cross-complaint of the defendant Anderson be dismissed for failure to state a cause of action against either the plaintiff or the LaGrands. The motion was denied and the court's ruling thereon is complained of by the relator as error prejudicial to his case.

Thereafter the LaGrands served and filed another pleading denominated ''Cross-defendants Everett LaGrand's and Olive LaGrand's answer to plaintiff's complaint,'' wherein they allege in substance that they, and not Anderson, are the persons to whom plaintiff should look for payment of the notes and mortgage if there be any liability, but that neither they nor Anderson are indebted to plaintiff; they admit signing the notes and allege failure of consideration, and admit signing the mortgage but allege that only the ''Red Brown Eighty'' was to be covered thereby and not the additional 1,320 acres contained in the mortgage set forth in plaintiff's complaint; they allege that the binder for which the notes were given did not work satisfactorily, therefore the failure of consideration, and that none of the wheat on the ''Red Brown Eighty'' was sold to Anderson. They deny the alleged conversion and deny Anderson's knowledge of the mortgage and plaintiff's demand for the wheat or its value. As a separate defense they repeat substantially the above affirmative allegations, but in addition thereto allege damage for breach of warranty of the binder in the sum of $300. They pray that plaintiff take nothing by his complaint and that they, the LaGrands, have judgment for cancellation of the

notes described in the complaint and for release of the chattel mortgage, and for $300 damages and costs of suit.

Anderson's so-called cross-complaint, and the answer thereto by the LaGrands, as well as the LaGrand answer to the plaintiff's complaint, all were filed as matters of course and without leave of court obtained. As the result of the pleadings filed, the court had before it a case made between the plaintiff and the defendant which was at issue when the defendant's answer was filed, and another case between the plaintiff and the LaGrands made by the answer of the LaGrands to the plaintiff's complaint, the LaGrands therein holding themselves out as the real parties in interest to defend against the plaintiff's claim of recovery. The move which shifted the case into this devious course and brought about this perplexing situation was the filing by the defendant Anderson of his second pleading which he calls a cross-complaint.

At this stage of the proceedings, the plaintiff moved the court that the last pleading filed—the answer of the cross-defendants LaGrand to the plaintiff's complaint—be stricken from the files on the ground that it is sham and frivolous, in that the cross-defendants are not parties to the original complaint and have not been made parties thereto pursuant to any order of the court, and that there are no issues between the plaintiff and the cross-defendants. This motion was denied and the court's ruling thereon is complained of by the relator as error prejudicial to his case.

It is the relator's contention that as the result of the trial court's action on his two motions, he is seriously prejudiced in the prosecution of his action, in that:

"First, he is compelled to litigate with the LaGrands his right under the notes and mortgage and at the same time is wholly denied his security, i. e., the wheat or the proceeds thereof held by Anderson, and is left to collect out of the general assets of Anderson, if he can; and,

"Second, that under the trial court's interpretation of our interpleader and cross-complaint statutes and the pleadings

herein, relator is forced to try the action on two separate sets of issues against two sets of parties although there is no controversy as between the adversary parties.''

To avoid a complexity of issues, such as here presented, rules ▮ of practice have been adopted which are designed to provide procedure for clear and orderly presentation of controversies to the end that there may be a clear, full and final determination thereof upon the issues as made and as between all the parties concerned. A general statement here of the substance of these rules as applicable to the controversy sought to be presented by the pleadings in question, we believe will tend to a more clear presentation of the questions arising. Under these rules the plaintiff is not compelled to litigate issues foreign to the matter which is the subject of the action as made by his complaint. But he must be prepared to meet the opposition of any matter from his adversary that will stand in the way of his recovery. The defendant may set up by answer any matter that will tend to defeat or reduce the plaintiff's claim. It may be purely defensive to disprove the plaintiff's claim, or it may be affirmative matter, counter-demands based on causes of action of like nature or growing out of the same transaction as that which is the basis of the plaintiff's complaint (secs. 9137, 9138 and 9139, Rev. Codes), and pleaded as an offset to the plaintiff's claim and which may result in affirmative judgment for the defendant. (Sec. 9140, Id.) The pleadings for these purposes may be made and filed as a matter of right.

A defendant, when sued, if it be that another party also makes ▮▮ the same claim against him as does the plaintiff, and where he does not deny liability but does not know which of the two is the rightful claimant, may then himself avoid the litigation by bringing the money or other property demanded into court and there depositing it, together with a petition to the court asking that the other claimant be brought in and made defendant in his place. Upon such showing being made, the court may make the substitution of parties, and the plaintiff and the substituted defendant will thereupon be required to litigate, as

among themselves, the right to the money or other property, the defendant, who is thereby eliminated from the case, making no claim thereto. (Sec. 9087, Rev. Codes.) Other parties not already in the case whose interests may be affected by the litigation may, on their motion, come in by complaint in intervention and be made parties to the action. (Sec. 9088, Id.) But such substitution of parties or enlargement of parties to the action may not be made as a matter of course. Leave of court thereto must be obtained and that only after notice given to the parties affected.

Upon the issues so made, the court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties not already in the case, the court must then order them to be brought in. (Sec. 9090; Id.)

A defendant may be entitled to some relief as against the plaintiff with respect to the subject matter of the action and which cannot be obtained by setting it up in the answer as purely defensive matter, or by way of counterclaim; and the defendants may have cross-demands against each other in relation to their respective rights in the subject matter over which the litigation is carried on. The assertion of any such rights as against the plaintiff, or as between the defendants, may be made by cross-complaint. Such cross-complaint may be directed against the plaintiff alone, or against one or more of the defendants together with the plaintiff, as their respective rights and interests may be involved. (*State ex rel. Union Central Life Ins. Co. v. District Court,* 102 Mont. 371, 58 Pac. (2d) 491.) And in the assertion of such rights other parties not already in the case may be made defendants thereto as may be necessary to a complete determination and adjudication of the rights of all parties in the matter which is the subject of the action. Such cross-complaint may be incorporated in the defendant's an-

swer, or may be filed subsequently by leave of court. (Sec. 9151, Rev. Codes.)

If a party is harassed by two conflicting claimants, each separately making the same demand upon him, but no action has been commenced by either of the claimants, and he desires to make settlement with the rightful claimant and wants to avoid being sued, he may, by an action brought by him for that purpose, compel the two claimants to litigate between themselves their conflicting claims of right to the demand made. (Sec. 9087, Id.)

These rules are the mode of procedure prescribed by statute and are controlling, and the question here is whether the procedure resorted to by the defense is in keeping therewith or, if there has been deviation therefrom, whether the affirmative defensive matter injected into the case nevertheless is properly before the court, with the issues so framed that the case may be disposed of without prejudice to the relator.

By the complaint which the relator filed he seeks recovery for an alleged conversion of property by the defendant. The defendant's answer thereto amounts to a general denial. The position of the defendant, as stated in the second paper which he filed and which he calls a cross-complaint, is that he does not deny liability and wants only to avoid double liability to which he might be subjected because of another making demand upon him for the same thing that the plaintiff is suing for. He asks that there first be an adjudication of the conflicting claims upon an issue made between the plaintiff and the other claimant and to which he shall not be a party, and that after such adjudication he may make settlement with the party entitled thereto as determined by the court. Relief in such a situation may be had, and the question here is whether the defendant has proceeded correctly. Provision therefor is found in section 9087, Revised Codes, as already pointed out. The procedure is simple and clear and affords a complete and adequate remedy. But to obtain the relief so provided for, the requirements of the statute must be fully complied with. The defendant must make appli-

cation to the court by affidavit for the substitution of another in his place and showing his own disinterest in the controversy, and must at the same time deposit in court the amount sued for, or must bring in the property claimed or its value. This must be done before answer and after notice given to the plaintiff and the other claimant. None of these requirements has been observed by the defendant. To avoid these he has sought to accomplish his purpose by proceeding under section 9151, Revised Codes. The cross-complaint therein provided for serves an entirely different purpose. It is to be used when a defendant is entitled to some relief against the plaintiff in respect to the subject matter of the action, but which cannot be obtained by setting up the facts in the answer as defensive matter, nor as a counterclaim. Also, if the judgment on the plaintiff's complaint may determine, as between the defendants, their respective rights to the subject matter of the action, and as to which there is controversy between them, such controversy may be made the subject of a cross-complaint. In any such cross-complaint, if necessary to a complete adjudication, other parties not already in the case may be joined. But a cross-complaint may not be used for the sole purpose of bringing into the case additional parties, or securing a substitution of parties.

The provision in section 9151, Revised Codes, for filing a cross-complaint is as follows: ''Whenever any defendant to an action desires any relief against any party relating to or dependent upon the contract, transaction, or subject-matter upon which the action is brought, or affecting the property to which the action relates, or whenever the judgment in such action may determine the ultimate rights of defendants to an action as between themselves, any defendant may, in addition to and in his answer, file at the same time, or subsequently by permission of court, a cross-complaint against all parties to such action, and may make as additional parties to such action, and ask relief against, any person, firm, association, or corporation, necessary or required to permit the court to make a full determination of and to adjudicate all rights of any person, firm, association, or

corporation, relating to or dependent upon the contract, transaction, or subject-matter, or affecting the property to which the action relates,'' etc.

The basis of a cross-complaint must be a demand which may be carried forward as a cause of action and which might have been the subject of an independent action, and upon which there may be a recovery. (*Gary Hay & Grain Co., Inc.*, v. *Carlson*, 70 Mont. 111, 255 Pac. 722; *Callender* v. *Crossfield Oil Syndicate*, 84 Mont. 263, 275 Pac. 273.) Anderson is not seeking any recovery. He merely wants to step out of the controversy. He says that he does not deny liability, but does not know which of the two conflicting claimants is the rightful one. He wants to settle, but does not want to run the chance of paying the wrong one and be required to pay a second time. He says he wants to avoid controversy. He has no claim or demand upon anyone,—clearly not a case for a cross-complaint.

The second paper filed by the defendant Anderson is clearly not a cross-complaint. Nor can it be treated as a petition under section 9087 for substitution of another in his place as defendant, as has already been pointed out. It is not a pleading in any sense. It is wholly ineffective for any purpose. It has no place in the case under any rule of procedure and should be stricken from the files, and the court was in error in denying plaintiff's motion that this be done. The fact that the plaintiff had made answer thereto before moving that it be stricken gives it no virtue. It sets forth no demand against the plaintiff, and so no issue is raised thereby as between them. The case was already at issue between them on the defendant's answer.

The respondent contends that the possibility that the defendant may be held accountable to someone other than the plaintiff on the cause of action sued upon is in itself sufficient as the basis for a cross-complaint, and the case of *Zunchich* v. *Security Building & Loan Assn.*, 85 Mont. 341, 278 Pac. 1011, is cited as authority. The report of the record in that case, as set out in the opinion, leaves it obscure as to what objection, if any, was made to the mode of procedure adopted. It is made to appear

that all parties went to trial without objection and proceeded as though the question here presented had not been raised; that is, it does not appear that the plaintiff objected to trying the issue of the conflicting claims as between himself and Marion Brown, and although she was brought in by being made a defendant in a pleading styled a cross-complaint, the money was deposited in court and the defendant asked for exactly the relief provided for by section 9087, that is for the substitution of Marion Brown in its place, and for the litigation of the issue made between the plaintiff and Marion Brown on the question of ownership of the certificates there in question. Upon such a record there appears no controversial point reserved for consideration on appeal, and for that reason the conclusion reached by this court in that case was correct. The language employed by the court in discussing the law and in expressing its line of reasoning leading to its conclusion is not in all respects clear, and anything therein said which may give sanction to the view that a defendant sued by one of two conflicting claimants, where he does not contest the liability to one or the other, may resort to the procedure under section 9151 to bring about the substitution of the other claimant in his place, is erroneous.

The *Zunchich Case,* supra, is an example of the confusion that ▮ may result from ignoring or side-stepping the rules of procedure for the trial of controversies. Better correct any such error the moment it is called to our attention, and, when as in the case before us, the plaintiff not only would be required to proceed with the issue on two fronts but would be deprived of the right to the protection of the deposit of the money in court, it is clearly a case where this court, under its power of supervisory control, should correct the error.

With the so-called cross-complaint of the defendant Anderson stricken from the files, the answer thereto by the cross-defendants LaGrand has no place in the case and should be stricken from the files.

The answer of the LaGrands to the plaintiff's complaint should likewise be stricken. The LaGrands were not parties to the ac-

tion as it was commenced. They were not made parties thereto by any order of the court, nor as the result of any procedure authorized by law. Their appearance was induced by the so-called cross-complaint filed by Anderson, and with that paper removed from the case there is no basis for their participation in the controversy. The lower court was in error in denying the plaintiff's motion to strike this answer from the files.

The plaintiff's motion in respect to Anderson's so-called cross-complaint is in the alternative: That either the defendant be required to deposit the money in court and proceed under section 9087 for substitution of the LaGrands in his place as defendants, or that the so-called cross-complaint be dismissed. While the petition for substitution should be filed before answer, plaintiff's motion waives that requirement, and, therefore, the defendant should be permitted to proceed with such petition, with the deposit of the money in court and showing by affidavit, to obtain an order from the court, after notice to the parties concerned, allowing the substitution to be made.

Let a peremptory writ issue in accordance herewith.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON and MORRIS concur.

MR. JUSTICE ANGSTMAN:

I dissent. I think the majority opinion sanctifies procedure at the sacrifice of substance. The precise question before us is, Did the court err in denying plaintiff's motion? That motion was in the alternative. It sought an order requiring Anderson to deposit the full sum of $935.91 or to dismiss the cross-complaint upon the ground that it did not state facts sufficient to constitute a cause of action. As to the first alternative it is sufficient to say that plaintiff only makes a claim to $437 and hence has no standing in court to require the deposit of $935.91 even if the proceeding be under section 9087, Revised Codes.

As to the second point, the cross-complaint was sufficient under section 9090 in order to obtain a complete determination of the controversy. While the more orderly procedure under that

section would have been to obtain a court order bringing in the new parties, yet that is not necessary where, as here, they voluntarily appeared in the action without objection on that point or otherwise.

Furthermore, section 9151 as interpreted in *Zunchich* v. *Security Building etc. Assn.*, 85 Mont. 341, 278 Pac. 1011, authorizes a cross-complaint to bring in new parties when defendant does not avail himself of the benefit of section 9087 by depositing the money and obtaining a discharge from liability to either party. It should be noted here that Anderson did not seek an order discharging him from liability to either plaintiff or the LaGrands' defendants in the cross-complaint but remained in the action and hence subject to any judgment that the court saw fit to impose against him. He should have the right to have plaintiff and the defendants in the cross-complaint litigate their respective rights so that he would not be subjected to two actions for the same money. This he may do without depositing the money where, as here, he remained in the case and subjected himself to whatever judgment the court saw fit to pronounce in the light of the facts.

I think the district court was right in denying the motion and that the writ applied for should be denied.